■ NICHOLAS F. JONMAIRE, Individually and as Administrator of the Estate of MARY E. JONMAIRE, Deceased, Appellant, v TOWN OF WEST SENECA, Respondent, et al., Defendant.—Order unanimously modified, on the law, and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: In an action to recover damages for wrongful death and decedent's conscious pain and suffering, plaintiff appeals from an order which partially granted the motion of defendant Town of West Seneca for a protective order.

Plaintiff's decedent suffered fatal injuries on January 3, 1984 when she was struck by an automobile on Seneca Street near the intersection of Benson Avenue. The theory of plaintiff's cause of action is that defendant town "failed to properly remove snow and ice from the shoulders of the highway; failed to remove snow which had built up at the intersection * * * so that pedestrians were unable to cross at the intersection; failed to properly control traffic and pedestrians at this intersection * * * after notice of several accidents; in allowing [sic] the highway to narrow at or about the accident scene after notice of many accidents; [and] that the combination of these alleged defects and the hazardous conditions led to a generally unsafe intersection for pedestrians attempting to cross the street in the vicinity [of the accident]."

Plaintiff's notice for discovery and inspection covered a broad range of documents and records allegedly relating to the town's notice of certain conditions, maintenance of the roadway, traffic and pedestrian controls, and weather and lighting conditions.

The scope of disclosure is defined by CPLR 3101 (a), which provides that "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof". The statute has been liberally interpreted to require disclosure "of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason." *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406.) Accordingly, pretrial disclosure is permitted of documents which, while themselves inadmissible, may lead to the disclosure of admissible proof *(Wiseman v American Motors Sales Corp.,* 103 AD2d 230; *see also, Klatz v Armor Elevator Co.,* 93 AD2d 633).

Applying these principles, we find that the court improvidently deleted items 5, 7 and 8 of plaintiff's notice. Records of traffic counts and other accidents in the vicinity of the intersection of Seneca Street and Benson Avenue, as well as West Seneca Safety Committee records previously identified by the town's Highway Superintendent on examination before trial, may provide plaintiff with relevant and admissible information as to his several theories of liability. Accordingly, defendant's motion for a protective order as to those items is denied.

The limitations imposed by the court with respect to items 1 and 4 of plaintiff's notice are unduly restrictive and defendant's motion for a protective order as to those items is also denied.

Plaintiff is entitled to discovery of the records sought in items 2, 6 and 9 for the period including 1985, but the other limitations imposed by the court as to those items, and as to items 3 and 10 of the notice, are affirmed as reasonable.

The order appealed from must be modified accordingly. (Appeal from order of Supreme Court, Erie County, Joslin, J. —protective order.) Present—Dillon, P. J., Doerr, Denman, Green and Schnepp, JJ.