■ MARIA LoGATTO, Respondent, v ALEXANDER LoGATTO, Appellant.—In a matrimonial action, the defendant husband appeals from so much of an order of the Supreme Court, Nassau County (Burstein, J.), dated December 17, 1985, as granted the plaintiff wife's motion for disclosure to the extent of compelling him to provide the plaintiff with the financial statements as required by the parties' separation agreement for the period of six years prior to the commencement of this action.

Ordered that the order is affirmed insofar as appealed from, with costs. The defendant's time to provide the financial statements is extended to 10 days after service upon him of a copy of this decision and order, with notice of entry.

The parties' separation agreement, which survived and was not merged in the judgment of divorce, provided for equal weekly installments of maintenance. In addition, this amount was to be increased by "15% of the amount by which the husband's then weekly adjusted gross income exceeds $575.00 per week". On or about June 24, 1985, the plaintiff wife commenced an action to enforce that part of the separation agreement which entitled her to the increase in maintenance based on 15% of the excess over $575 of the defendant's gross weekly income. The plaintiff served the defendant with a notice to take a deposition, together with a rider requesting various documents, and the defendant moved for a protective order, attacking the scope of the requested disclosure. The court granted the plaintiff's motion to the extent of compelling the defendant to serve the certified financial statements required by the separation agreement for the period of six years prior to the commencement of the action.

The defendant husband contends that the court should have granted his motion for a protective order. It is well established that courts are vested with broad discretion in the supervision of disclosure. The scope of disclosure is defined by CPLR 3101 (a), which states that "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof". This statute

has been liberally interpreted so as to require disclosure of any facts bearing on the controversy which will assist in the preparation for trial (see, Allen v Crowell-Collier Publ. Co., 21 NY2d 403; Hughes v Elias, 120 AD2d 703; Jonmaire v Town of W. Seneca, 120 AD2d 928; Central Natl. Bank v Thorington, 115 AD2d 829). With these principles in mind, we find the court's determination to be within the scope of its authority and necessary for the prosecution of this action.

The defendant contends that the plaintiff waived her right to the certified statements by not insisting that they be provided each year. The parties' separation agreement provides that a modification and/or waiver of any provision of the agreement would only be effective if executed in writing with the same formality as the separation agreement. Here, concededly, there was no such written waiver or modification, and the plaintiff's silence did not signify a surrender of her rights under the separation agreement (see, Morris v Morris, 74 AD2d 490).

The defendant's argument that a prior order of the same court (Burke, J.), entered March 8, 1977, in a similar action brought by the plaintiff settled the issue as to the interpretation of the wording of the separation agreement regarding the determination of the weekly gross income is correct. The court found that the defendant's obligation as to the 15% escalator clause in the separation agreement applied to his weekly gross income, less all taxes and Social Security deductions. We find that this formula should be employed to determine any increase that the plaintiff wife may be entitled to pursuant to the separation agreement. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.