■ · In the Matter of KAREN B. SUJKO, Respondent-Appellant, v JOHN E. SUJKO, Appellant-Respondent.—Kane, J. Cross appeals from an order of the Family Court of Chemung County (Frawley, J.), entered February 2, 1989, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay for support of his child.

The parties were married in September 1968 and produced two children, Johanna, born October 23, 1969, and Danielle, born February 5, 1974. The parties separated in 1985 pursuant to a separation agreement that provided, inter alia, that:

"[Respondent] shall pay to [petitioner], as and for maintenance, the sum of $200.00 per week, commencing June 17, 1985. Said payments to be made up through June 16, 1991, or until [petitioner] dies or remarries. [Respondent] has the option to make monthly payments in advance, if he so desires, in the amount of $866.67, which payments would also commence June 17, 1985.

"Upon the remarriage of [petitioner], [respondent] shall pay, as and for the support of the children, the sum of $50.00 per week per child during their minority or until their emancipation or death. Commencing June 17, 1991 [respondent] shall pay to [petitioner] for the support of any minor children, the sum of $50.00 per week."

The agreement also provided that "[respondent] agrees to assist the children to the best of his ability in providing a four-year college education". The parties were divorced in

July 1985 pursuant to a judgment which provided, *inter alia,* that the separation agreement survived the divorce judgment and that "all future matters relative to custody, support and visitation of the issue of this marriage shall be under the jurisdiction of the Family Court of the State of New York".

In 1988, Johanna enrolled as a freshman in Onondaga Community College. In July 1988, petitioner applied to Family Court for an order of support directing respondent to pay all the costs incidental to Johanna's college education. Respondent answered the petition, contending that support and education were separately provided for in the separation agreement, that he was in compliance with the agreement's support provision, and that Family Court lacked jurisdiction to enforce the provision pertaining to the children's education. After a hearing, a Hearing Examiner determined that (1) Family Court acquired jurisdiction over those support issues not directly related to college tuition, (2) the separation agreement was silent as to respondent's child support obligation until 1991, and (3) the best interests of Johanna presently required child support. The Hearing Examiner ordered, *inter alia,* child support for Johanna in the sum of $75 per week. Family Court affirmed the Hearing Examiner's findings of fact but reduced the child support to $50 per week.* Respondent now appeals.

We affirm. Respondent initially argues that Family Court lacked jurisdiction to order child support under the separation agreement. Although Family Court does not generally possess jurisdiction to modify separation agreements not merged in a judgment of divorce, Supreme Court may provide for such jurisdiction *(see,* Family Ct Act § 466 [a]). Here, Supreme Court specifically placed matters of child support "under the jurisdiction of the Family Court" and, by separating issues regarding payment of college tuition from the nontuition support needs of Johanna, Family Court correctly exercised that jurisdiction.

Respondent also contends that there was insufficient evidence to warrant an order of support for Johanna. We disagree. Unlike *Matter of Boden v Boden* (42 NY2d 210), relied on by respondent, the instant case is not an attempt by petitioner to readjust the respective obligations of the parties. On the contrary, the fact that the separation agreement here unfairly fails to provide for any child support until 1991

---

* Petitioner filed a notice of appeal from Family Court's reduction of support but has since abandoned same.

substantiates the characterization of petitioner's application as asserting Johanna's right to receive adequate support *(see, Merl v Merl,* 67 NY2d 359, 362; *Matter of Brescia v Fitts,* 56 NY2d 132, 139-140). Accordingly, Family Court correctly considered only that period before 1991 and only those support needs of Johanna not contemplated by the separate provision specifically regarding the actual education of the children. Because this record amply supports a finding of unfairness *(see, Merl v Merl, supra),* Family Court's order should be affirmed. Finally, we deny petitioner's request for legal fees.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.