■ In the Matter of CATHERINE J. REINHARDT, Appellant, v OTTO REINHARDT, JR., Respondent. [613 NYS2d 89] —Order unanimously affirmed without costs. Memorandum: We reject respondent's contention that Family Court lacked subject matter jurisdiction over this proceeding. Family Court, a court of limited jurisdiction, is without power to set aside, modify or enforce the terms of a separation agreement *(see, Matter of Brescia v Fitts,* 56 NY2d 132, 139; *Kleila v Kleila,* 50 NY2d 277, 282; *Matter of Sujko v Sujko,* 160 AD2d 1184, 1185; *Handa v Handa,* 103 AD2d 794, 796). Petitioner, however, is seeking enforcement, not of the parties' agreement, but of the maintenance provisions of the divorce decree. By statute, Family Court is empowered to enforce the divorce decree *(see,* Family Ct Act § 466 [c] [i]; *see also, Matter of Saidel v Wolk,* 122 AD2d 474; *Matter of Reeves v Samson,* 105 AD2d 1040).

Family Court properly declined to direct payment of maintenance arrears accruing after 1986. Although Family Court made no findings supporting its order, the record is sufficiently developed to permit this Court to make its own findings. It is undisputed that, under the terms of the separation agreement, petitioner was required each year to supply copies of her Federal income tax return to respondent. There is also no question that petitioner deliberately refused to comply with that requirement. We agree with petitioner that her conduct did not amount to a waiver of her right to receive maintenance. The agreement expressly provides that, "No modification or waiver of any of the terms hereof shall be valid unless in writing and signed by both parties." We find therefore that, because there was no such written waiver, the refusal of petitioner to supply her tax return did not constitute a voluntary surrender of her right to receive maintenance *(see, Lo-Gatto v LoGatto,* 130 AD2d 556; *Thompson v Lindblad,* 125 AD2d 460).

Nevertheless, we find that petitioner's failure to provide the required documentation prevented respondent from fulfilling his obligation to pay maintenance and thereby excused his performance *(see,* 22 NY Jur 2d, Contracts, § 365). The parties to a separation agreement, no less than the parties to any other contract, owe an "elementary duty not to hinder or obstruct the performance of the other party to the contract *(Grad v Roberts,* 14 NY2d 70, 75)" *(Lavington v Edgell,* 127 AD2d 155, 158, *lv denied* 70 NY2d 601). Because the amount of respondent's maintenance obligation depended upon the income of petitioner, as reflected in her income tax return,

petitioner's refusal to supply the required financial information disrupted and frustrated respondent's performance. Petitioner's breach of the agreement, therefore, relieved respondent of his obligation to pay maintenance *(see, Baratta v Baratta,* 122 AD2d 3, 6; *see also, Young v Whitney,* 111 AD2d 1013, 1014; 22 NY Jur 2d, Contracts, § 365). (Appeal from Order of Erie County Family Court, Lo Russo, J.—Maintenance.) Present—Denman, P. J., Green, Lawton, Wesley and Callahan, JJ.