■ In the Matter of ELAINE BOSCHERINI, Respondent, v PETER BORGIA, Appellant. [645 NYS2d 608] —Mercure, J. Appeal from an order of the Family Court of Schenectady County (Kramer, J.), entered February 17, 1995, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to increase the amount of child support.

The parties were divorced in 1981. Their separation agreement, providing (as relevant to this appeal) for support of their three children, was incorporated but not merged into the judgment of divorce. In addition, the judgment of divorce vested Family Court with jurisdiction over future matters, including support. Following various Family Court proceedings seeking modification and enforcement and the entry of a number of orders having no bearing on the issues presented here, in November 1994 petitioner brought this proceeding for an upward modification of child support and for contempt. The Hearing Examiner ordered respondent to pay petitioner $104 per week in child support. Family Court denied respondent's subsequent objections and respondent now appeals, contending only that Family Court lacked jurisdiction over the proceeding

and authority to enforce or modify the parties' separation agreement, that Family Court proceedings are presumptively open to the public and that Family Court Act § 439 is unconstitutional.

Respondent's contentions lack merit and may be readily resolved. First, it is settled law that, upon referral from Supreme Court, Family Court has authority to modify the support provisions of a separation agreement so long as the agreement has been incorporated into a judgment of divorce (*see*, NY Const, art VI, § 13 [c]; Family Ct Act § 466 [a]; *Matter of Sujko v Sujko*, 160 AD2d 1184, 1185). Second, on this record, there is no basis for a finding that the Hearing Examiner excluded any person from the proceedings and respondent has drawn our attention to no such occurrence (*see*, 22 NYCRR 205.4). Finally, the constitutionality of Family Court Act § 439 was upheld by this Court in *Matter of Carella v Collins* (144 AD2d 78, 82). "Even if the authority vested in Family Court Hearing Examiners could be shown to infringe in some way upon the province of Family Court Judges, any such infringement would not be an unconstitutional grant of authority because the final authority to review determinations made by Hearing Examiners is reserved for Family Court Judges" (*supra*, at 82).

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.