■ BETTE M. HOLLOWAY, Respondent, v BRIAN D. HOLLOWAY, Appellant. [827 NYS2d 729]—

Kane, J. Appeal from an order of the Supreme Court (Canfield, J.), entered October 12, 2005 in Rensselaer County, which, inter alia, granted plaintiff's motion to enforce the maintenance provisions of a prior judgment.

The parties' 1997 judgment of divorce incorporated, but did not merge, their prior stipulation of settlement. In the stipulation, defendant obtained custody of the parties' four children and agreed to pay plaintiff maintenance until, among other things, plaintiff failed "to exercise any access to her children for 45 continuous days." Both parties and the children were New York domiciliaries at the time of the divorce, but plaintiff moved to Massachusetts soon afterward. In June 2004, defendant moved to Florida with the children, without first informing plaintiff or any court. Although plaintiff visited with the children once in July 2004, she did not see the children from July 21, 2004 to September 10, 2004, a period of more than 45 continuous days. Soon thereafter, defendant ceased his maintenance payments and sent plaintiff a letter informing her that he was doing so under the above-cited provision.

Plaintiff moved, within the divorce action, to enforce the stipulation and compel defendant to resume making maintenance payments, as well as for modification of the judgment to include future visitation-related travel expenses. Defendant cross-moved for dismissal of plaintiff's motion based on lack of personal jurisdiction and forum non conveniens. Supreme Court denied defendant's cross motion, granted plaintiff's motion by directing defendant to resume maintenance payments, awarded plaintiff $10,800 in unpaid maintenance and modified the prior judgment by requiring defendant to pay all of plaintiff's visitation-related travel expenses. Defendant appeals.

Supreme Court lacked jurisdiction to modify the child support aspects of the divorce judgment. The court lost continuing, exclusive jurisdiction to modify the child support provisions when both parties and the children all moved out of state (*see* Family Ct Act § 580-205 [a] [1]; 28 USC § 1738B [d]; *Matter of Auclair v Bolderson*, 6 AD3d 892, 894-895 [2004], *lv denied* 3 NY3d 610 [2004]; *Mamberg v Epstein*, 272 AD2d 200, 200 [2000]; *Matter of Hopkins v Browning*, 186 Misc 2d 693, 694-695 [2000]). As the court lacked subject matter jurisdiction to modify child support, we must reverse that portion of Supreme Court's order which modified the judgment by requiring defendant to pay for plaintiff's travel expenses associated with visitation.

Courts have continuing, exclusive subject matter jurisdiction

over a spousal support order throughout the existence of that support obligation (*see* Family Ct Act § 580-205 [f]). The Legislature has provided a mechanism for parties to enforce, although not to modify, payment provisions of a matrimonial proceeding (*see* Domestic Relations Law § 244). Such enforcement is specifically treated as a continuation of the matrimonial action rather than a new action, thus preserving personal jurisdiction over the parties to protect these important enforcement rights (*see Gunsburg v Gunsburg*, 173 AD2d 232, 232 [1991]; *Strand v Strand*, 57 AD2d 1033, 1034 [1977]; *EB v EFB*, 7 Misc 3d 423, 428 [2005], *affd sub nom. Bjornson v Bjornson*, 20 AD3d 497 [2005]; *cf. Haskell v Haskell*, 6 NY2d 79, 81-82 [1959], *cert denied* 361 US 876 [1959]).*

At issue here was enforcement, not modification, of the maintenance provision of the parties' divorce judgment. Defendant contends that Supreme Court modified the provision by deleting the 45-day visitation requirement. The court actually suspended that requirement, finding that defendant's conduct in moving the children to Florida without notice disrupted and frustrated plaintiff's ability to visit the children, thereby excusing her nonperformance of that condition (*see Matter of Reinhardt v Reinhardt*, 204 AD2d 1028, 1028-1029 [1994]; *Young v Whitney*, 111 AD2d 1013, 1014 [1985]). As performance under the visitation condition was excused by defendant's obstructive conduct, plaintiff was entitled to continue receiving maintenance and defendant improperly terminated his payments. Thus, the court correctly ordered defendant to resume maintenance payments and entered a judgment for maintenance arrears. To the extent that the court required defendant to petition the court before terminating maintenance in the future, we delete that requirement as an impermissible modification of the judgment.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as required defendant to pay for plaintiff's visitation-related travel expenses and as required defendant to apply to the Supreme Court before terminating maintenance in the future; and, as so modified, affirmed.

---

* While Supreme Court obtained personal jurisdiction over defendant under the Domestic Relations Law, it did not obtain personal jurisdiction under CPLR 302 (b) as plaintiff was not a resident or domiciliary of New York when she filed her motion.