Matthew J. Jasen, J.
This is a motion by the judgment creditors for a directive order in supplementary proceedings to the Erie County Treasurer to pay over certain moneys held by him in the name of the judgment debtor on deposit as bail.
Subsequently, a cross motion was made by one Bose K. Ippolito, sister of the judgment debtor, Louis Ippolito, for an order directing the said County Treasurer to pay to her the said sum of money held as a bail deposit, claiming that she is the lawful owner of the money deposited.
It appears that the judgment debtor was charged with a criminal offense in the County of Erie, and was ordered by the County Judge in which trial was subsequently held, to post bail in the sum of $2,500 for his release, which bail was posted with the Erie County Treasurer on the 23d day of September, 1957, and is now the subject of these motions.
That, on the 30th day of December, 1957, while the judgment debtor was out of jail and on bail, a judgment in the sum of $3,137.25 was duly docketed and perfected in the Erie County Clerk’s office against the said Louis Ippolito, the judgment debtor herein, by Anthony Cogliano and Martha Cogliano, the judgment creditors herein.
That on or about the 2d day of January, 1958, a subpoena duces tecum was duly served upon the Erie County Treasurer, directing him to attend and be examined concerning a debt alleged to be due from him to Louis Ippolito, the judgment debtor.
That said examination revealed that said County Treasurer did have on deposit the sum of $2,500 in lieu of bail purportedly representing funds belonging to the said judgment debtor; that the said Louis Ippolito was subsequently given a suspended sentence and has been released from custody, and he is now entitled to the return of the said sum of money on deposit with the County Treasurer.
There has been no showing here that the money in question is in fact the money of the judgment debtor. The judgment creditor takes the position that since the money on deposit with the Erie County Treasurer is in the name of the judgment debtor he, as judgment creditor, has a right to attach and have the same paid over to him. The court does not agree with this. The court finds that money deposited by a third person does not vest legal title in the defendant, for whom said money was deposited, in a criminal proceeding. However, insofar as the criminal proceeding is concerned the money is and can be used the same as if it were the money of the defendant. Aside from this, it belongs to the person who actually deposited same and he has legal title to said money.
*97 This court is in agreement with the decision reached by the Appellate Division in Cohen v. Bruere (96 Misc. 609, affd. 179 App. Div. 884) and cited with approval in People v. Licenziata (230 App. Div. 358). The court in the Cohen case cited Finelite v. Sonberg (75 App. Div. 455); Matter of Rothschild v. Gould (84 App. Div. 196) and People ex rel. Meyer v. Gould (75 App. Div. 524). In the latter case a creditor of the defendant (Fierce) sought to attach the bail deposit made by one Smalley. The court said (p. 526): “ The fact that the money deposited actually belonged to Smalley is not disputed, nor is it disputed that such deposit was made by him in lieu of the undertaking required in the criminal proceeding. So far as that proceeding was concerned it was Fierce’s money * * * but it did not make it her money for any other purpose.”
The court in the Cohen case then states (p. 614): “ it must be accepted that proposition, I, [the money belongs to the depositor thereof] contains the settled rule of law in this state.”
The judgment creditors cited People ex rel. Gilbert v. Laidlaw (102 N. Y. 588). The court in the Cohen case (p. 612) ably differentiates this decision from the case at bar by pointing out that ‘ ‘ An examination of the facts in that case discloses that the decision turned upon the question whether the money deposited by a third person in lieu of bail for defendant should be applied to the payment of a fine imposed upon him.”
The judgment creditors are relying upon subdivision 4 of section 586 of the Code of Criminal Procedure. While it is true that the Penal Law sections, as a rule, should be construed strictly, the court agrees with the Cohen case, above, in which a similar set of facts and circumstances were presented and in which the court said that (p. 613): “ It is difficult to perceive what change was effected, or what new law was created by this amendment. It certainly did not detract from the ownership of the depositor, nor did it confer ownership upon the defendant.”
Inasmuch as the facts are undisputed that the bail money was deposited by a check drawn on the account of Rose Ippolito, this court finds that said money should be paid to her.