■   JEROME BALTER, Appellant, v COUNTY OF WYOMING et al., Respondents.—Order unanimously reversed, with costs, and plaintiff's motion for summary judgment granted. Memorandum: Plaintiff delivered $5,000 to defendants as bail for one Frank Smith and received a bail deposit receipt; subsequently defendant Weyer returned $2,500 of this deposit to plaintiff upon reduction of Smith's bail. When criminal charges against Smith were dismissed, plaintiff requested a return of the remaining deposit which was refused; plaintiff obtained a court order for the return of the bail to him. After this order plaintiff requested defendant Weyer to return the bail, which he has not done. Defendants deny that defendant Weyer has not returned the money to plaintiff as requested, although that is the very issue of the lawsuit. They admit the other allegations summarized above. Defendants assert by way of an affirmative defense that pursuant to an earlier court order they refunded the bail money in question to Frank Smith and as a consequence they owe no obligation to plaintiff. Money deposited by a third person in lieu of bail for another remains the depositor's money *(Cogliano v Ippolito,* 16 Misc 2d 95; *Cohen v Bruere,* 96 Misc 609, affd 179 App Div 884). Section 99-m of the General Municipal Law provides: "Upon the exoneration of the bail, the money so deposited, less such fee, shall, by order of the appropriate criminal court, be refunded to the person who originally deposited such money." The answer admits that plaintiff is "the person who originally deposited such money." Defendants cannot claim fulfillment of their obligation to plaintiff by payment to someone else, not contemplated by the statute, even under the guise of a court order. (Appeal from order of Wyoming Supreme Court—summary judgment.) Present— Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.