OPINION OF THE COURT
Gerard M. Weisberg, J.
Attorney Lewis Herman (claimant) brings this action against the State of New York for failure to pay over to him $1,000 which had been deposited as cash bail on behalf of his client. The legal theory upon which this claim is based is the negligence of the depository, District Court of Nassau County. As part of the Unified Court System, the latter and its personnel are agents of the defendant. (McKinney v State of New York, 111 Misc 2d 382; Matter of lazzetta v State of New York, NYU, Mar. 31, 1980, p 11, col 4.)
In 1983 a male minor was charged with a felony and held in $1,000 cash bail. Mr. Herman was retained by Deborah Tuten and Thelma Newbill, who are respectively the accused’s mother and grandmother.
On August 12,1983, Ms. Newbill deposited with the clerk the amount of the bail and received a receipt therefor.
It was agreed that the fee of $2,500 would be paid in part by each of the women. Ms. Tuten was to pay $1,500 in periodic sums of $100 each. That portion has been satisfied. Ms. *1020 Newbill’s share was $1,000 by assignment of the bail. She and Ms. Tuten signed the reverse of the receipt under the legend “[s]igned over to Louis [sic] Herman Aug. 30, 1983.” On that date a female clerk was advised of the assignment and replied that she “would take care of it.”
On October 29, 1983, after several court appearances, the criminal case culminated in a youthful offender sentence of probation. Bail was exonerated. Counsel, the two ladies and the defendant went to the clerk’s office in an effort to obtain the $1,000. They were advised that additional papers were needed. Because Mr. Herman had to attend to another case, he left the other three with a clerk to complete the transaction. He did not inquire then or return to ascertain the nature of those papers, what was to be done with them or if they were, in fact, filed.
Sometime thereafter he received copies of two documents, one signed in the name of the defendant and one signed in the name of the grandmother. Each was acknowledged before a different notary public, the former on October 29, 1983, and the latter on October 27 [sic], 1983. They are standard forms issued by the court for the consent to assignment of cash bail and designate claimant as the assignee. The filing of these documents with the court is required by its practice to effectuate an assignment.
By December 23, 1983, the money had not been received. Mr. Herman testified that his secretary then checked with the court and was told that the money “will go out very shortly.”
On that same day, Louis G. Johrden, Jr., who was an assistant court clerk, prepared and forwarded a request to the Treasurer of Nassau County to return the bail to the surety. He was unaware of Mr. Herman’s claim because no assignment form was in the file nor had any notation been made on the case folder.
After both sides rested and closing statements were concluded, claimant commented that on January 2, 1984, he had a phone conversation with a different clerk who said that the bail had not been forwarded to him because the assignment form was not notarized. This blatant hearsay statement was made without objection. The basis for the clerk’s information was not otherwise discussed.
On January 20, 1984, another call was made to the court at which time information was received that the money was no longer there.
In the interim, and on January 10, the Treasurer of Nassau County issued a check payable to Thelma Newbill, who deposited it in her bank account. Correspondence which the claimant *1021 had with Mr. Johrden and the administrative judge after that date has no bearing on the issues in this case.
Although the claim alleges negligence, no proof of careless filing or handling of the documents assigning the bail was presented. (Cf. Hudleasco, Inc. v State of New York, 90 Misc 2d 1057, affd 63 AD2d 1042.) Indeed, claimant has failed to establish that the required papers were ever submitted to the District Court in accordance with its requirements. Thus, if a finding of liability is to be made, it must be based on a holding that the assignment between Mr. Herman, his client and the latter’s grandmother effectively bound the State.
The situation is analogous to cases where contractual restrictions are placed on a right to assign. (See, Allhusen v Caristo Constr. Corp., 303 NY 446; cf. Sullivan v International Fid. Ins. Co., 96 AD2d 555; see also, 6 NY Jur 2d, Assignments, § 10.) Here, having imposed strictures on the assignability of bail, the court, as obligor, was entitled to compliance. Moreover, as an attorney, Mr. Herman was chargeable with knowledge of the practice and procedure of the District Court. Also, he was specifically made aware of the fact that “additional papers” were needed to effectuate the assignment. In light of these circumstances, claimant’s failure to follow the appropriate procedures, of which he had notice, resulted in an unsuccessful transfer of rights with respect to the obligor.
In addition, even assuming that there was no condition precedent to a valid assignment in this case, claimant would still have failed to prove that his actions conformed to general principles of contract law. “A debtor, in order to be charged with a duty to pay a debt to an assignee, must first have actual notice of the assignment.” (Tri City Roofers v Northeastern Indus. Park, 61 NY2d 779, 780; see, Restatement [Second] of Contracts § 324.) Such notification is particularly apt here, since the District Court is otherwise required by statute to return bail to the depositor after exoneration or remission. (General Municipal Law § 99-m.) This is true even where the depositor and the defendant are different individuals. In such circumstances refund is, absent an assignment, mandated to the former. (See, Balter v County of Wyoming, 70 AD2d 1051.)
Claimant has not established that the unidentified employees with whom either he or his secretary at different times conversed had any authority, either actual or apparent, to obligate the District Court to pay the money in question to anyone other than the depositor. Lacking such proof, we cannot speculatively hold that actual notice of the transfer was received by a person *1022 empowered to effectuate it. (See, 3 NY Jur 2d, Agency, § 264.) Thus, any assignment that was made between the individuals in this case could not bind the court and liability will not result from its payment of the bail to the original depositor. (Tri City Roofers v Northeastern Indus. Park, supra.)
We note that Mr. Herman may still presumably recover the money in question from Ms. Newbill. That right of payment, however, has no bearing on the State’s obligation.
The claim is .dismissed.