■ BEVERLY SHIELDS, as Delaware County Treasurer, Respondent, v RICHARD M. CARBONE et al., Appellants, and O'CONNELL AND ARONOWITZ, P.C., Respondent. [913 NYS2d 354]—

McCarthy, J. Appeal from an order of the Supreme Court (Fitzgerald, J.), entered August 24, 2009 in Delaware County, which, among other things, granted plaintiff's motion to dismiss the counterclaims of defendants Richard M. Carbone and Sherry Kehl.

Defendant Richard M. Carbone was arrested and charged with criminal possession of a controlled substance in the first degree and criminal possession of marihuana in the second degree. To meet his $50,000 bail, he posted $18,500 by credit card and his girlfriend, defendant Sherry Kehl, paid $3,000 in cash and put $28,500 on her credit card. This money was given to plaintiff in her official capacity as county treasurer. Carbone chose to have defendant O'Connell and Aronowitz, P.C. (hereinafter O&A) represent him and executed a written retainer agreement that provided for a $17,000 minimum fee to be paid from the bail proceeds at the time of disposition of the criminal matter. Carbone gave O&A the original bail receipt for his $18,500, but did not endorse the receipt in favor of O&A.

O&A secured a favorable plea bargain for Carbone, which he accepted. Following the plea, but prior to sentencing, O&A received notification that Carbone had retained different counsel, who then unsuccessfully sought to withdraw his guilty plea. After the plea, but before County Court (Becker, J.) issued an order exonerating bail, Kehl—individually and on behalf of Carbone—and O&A each attempted to have the bail funds remitted. County Court issued two orders exonerating the bail posted by Kehl and Carbone but, instead of stating who should receive the money, the orders directed plaintiff to remit payment to the person she determined was entitled to it, less her lawful fees. Within two weeks, plaintiff commenced this interpleader action against Carbone, Kehl and O&A seeking a determination regarding who should receive the bail proceeds. O&A and Carbone brought cross claims against each other. Kehl advanced cross claims against O&A. Carbone and Kehl also brought counterclaims against plaintiff.

Kehl moved for dismissal of the complaint against her, and for summary judgment on her counterclaim against plaintiff and her cross claim against O&A. Plaintiff cross-moved for dismissal of Kehl's and Carbone's counterclaims and for an order allowing deposit of the bail funds with Supreme Court. O&A cross-moved for dismissal of Kehl's cross claims and for summary judgment against Carbone. Carbone cross-moved to, among other things, compel disclosure from O&A.

Supreme Court partially granted Kehl's motion for summary judgment and directed that the bail money she posted be released to her, less plaintiff's statutory fees. Plaintiff prevailed on her cross motion for dismissal of Kehl's and Carbone's counterclaims. The court granted O&A's motion for summary judgment against Carbone and directed plaintiff to release to O&A the bail money posted by Carbone, less plaintiff's statu-

tory fees, with O&A to keep the $17,000 legal fee plus disbursements and forward the balance to Carbone. The court did not address the remaining motions. Kehl and Carbone appeal.

Supreme Court correctly dismissed Kehl's and Carbone's counterclaims. Kehl and Carbone alleged that plaintiff violated their US Constitution 4th Amendment rights by unreasonably withholding their money without authority, thus giving rise to causes of action pursuant to 42 USC § 1983. The 4th Amendment prohibits unreasonable searches and seizures of property; it does not address unreasonably withholding property once a citizen voluntarily gives that property to the government. Kehl and Carbone voluntarily chose to give money to plaintiff for Carbone's bail. As plaintiff did not seize their money, the 4th Amendment was not implicated. Accordingly, the court properly dismissed the counterclaims.

Kehl was not entitled to summary judgment on her cross claims against O&A.[1] In those cross claims, Kehl alleged fraud, mail fraud, prima facie tort and fraud upon the court and a party under Judiciary Law § 487. These claims were based upon O&A's knowledge that it had no claim to the bail money posted by Kehl, its letters sent to plaintiff and others threatening civil action and criminal prosecution to anyone who attempted to receive the bail money, plaintiff's alleged reliance on these letters in refusing to release the bail money to anyone, and Kehl's damages from not receiving her money in a timely fashion. O&A's letters did not address bail money posted by Kehl separately from that posted by Carbone, but instead asserted a general claim to bail money to be exonerated in Carbone's criminal case. While Kehl sufficiently alleged fraud by stating that O&A knowingly misrepresented a material fact, that plaintiff relied on that fact to withhold the bail money and that Kehl was thereby damaged (see Klafehn v Morrison, 75 AD3d 808, 810 [2010]), she did not provide proof of these allegations to support summary judgment in her favor. Proof of O&A mailing the letters was insufficient to prove mail fraud, as questions of fact exist concerning whether O&A mailed them in furtherance of a fraudulent scheme (see Besicorp, Ltd. v Kahn, 290 AD2d 147, 152 [2002], lv denied 98 NY2d 601 [2002]). Questions regarding O&A's intent similarly require denial of summary judgment on the Judiciary Law § 487 cause of action. On the other hand, as the record contains evidence that O&A sent its

---

1. Supreme Court did not specifically rule on Kehl's motion for summary judgment on her cross claims or O&A's cross motion for dismissal of those cross claims. The court's failure to address those motions is deemed a denial (see Dickson v Slezak, 73 AD3d 1249, 1251 [2010]).

letters in an effort to obtain payment of its legal fees, O&A was entitled to summary judgment dismissing the prima facie tort cross claim because malevolence was not O&A's sole motive (*see White v Ivy*, 63 AD3d 1236, 1239 [2009]).[2]

The same results are required for Carbone's nearly identical cross claims against O&A. Additionally, O&A was entitled to dismissal of Carbone's legal malpractice cross claim because Carbone failed to allege his actual innocence of the criminal offense underlying the matter in which he was represented by O&A (*see Carmel v Lunney*, 70 NY2d 169, 173 [1987]). Carbone has appealed his criminal conviction but, at this point, his undisturbed determination of guilt precludes any recovery for negligent representation (*see id.*; *Matter of Swain v County of Albany*, 268 AD2d 747, 748-749 [2000], *lv denied* 94 NY2d 764 [2000]).

Supreme Court erred in ordering plaintiff to release bail proceeds directly to O&A. By statute, when bail is exonerated, it "shall . . . be refunded to the person who originally deposited such money," less statutory fees (General Municipal Law § 99-m [1]; *see Balter v County of Wyoming*, 70 AD2d 1051 [1979]). While a person who posts bail can assign the right to receive the bail proceeds, O&A did not provide proof of a perfected transaction between Carbone and O&A through which Carbone intended to vest in O&A a present right to his bail proceeds (*cf. Zeman v Falconer Elecs., Inc.*, 55 AD3d 1240, 1241 [2008]; *Mele v Travers*, 293 AD2d 950, 951 [2002]). The retainer agreement provides that Carbone "agrees to sign the cash bail over to" O&A and Carbone did give O&A the original bail receipt, but there is no written assignment and Carbone did not endorse the bail receipt over to O&A. Without proof of an assignment, the court should have directed plaintiff to release the bail proceeds to Carbone, the original depositor of those funds (*compare Herman v State of New York*, 126 Misc 2d 1019, 1020-1022 [1984]).

Supreme Court did not need to address Carbone's cross motion to compel disclosure. O&A cross-moved for summary judgment only on its breach of contract cross claim against Carbone, and the disclosure at issue dealt with its quantum meruit claim. Disclosure was stayed pending a determination of the dispositive motions (*see* CPLR 3214 [b]), and the demanded disclosure was irrelevant to those motions. Thus, Carbone was not entitled to have its motion to compel determined prior to the court issuing the order that is on appeal (*see* CPLR 3212 [f]).

---

**2.** Although O&A did not appeal, this Court may search the record and grant summary judgment in favor of a nonappealing party (*see* CPLR 3212 [b]; *Peter Scalamandre & Sons, Inc. v State of New York*, 65 AD3d 774, 777 [2009]).

Supreme Court should not have granted O&A's cross motion for summary judgment against Carbone on its breach of contract cause of action. We disagree with Carbone's arguments that the retainer agreement is invalid or unenforceable. The agreement does not contain an illegal contingency fee or nonrefundable retainer, but instead includes a minimum fee, which is allowed by law (see Matter of Cooperman, 83 NY2d 465, 476 [1994]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.5 [d] [1], [4]). Pursuant to the agreement, that fee is "to be paid at the time of the disposition of the case" if the firm obtained a "disposition or resolution." The agreement also contains information concerning hourly rates, which would apply if the firm was not involved in obtaining a disposition or resolution (such as if Carbone discharged O&A prior to a disposition). Here, O&A represented Carbone through the entry of a guilty plea to one count of the indictment in exchange for a negotiated sentence. Carbone discharged O&A after the plea, however, and retained new counsel prior to sentencing. The new counsel moved to withdraw the plea, then represented Carbone at sentencing. The phrase "disposition or resolution" is ambiguous, as it could refer to the guilty plea, which constitutes a conviction (see CPL 1.20 [13]), or the sentencing, which results in a judgment of conviction (see CPL 1.20 [15]). This ambiguity creates a question of fact concerning whether O&A obtained a "disposition or resolution" of Carbone's criminal case so as to entitle it to the minimum fee, or whether Carbone discharged the firm prior to a disposition or resolution such that O&A can only recover a fee on an hourly basis. Thus, further proceedings are necessary on O&A's breach of contract cause of action.

We have reviewed the parties' remaining arguments and find them to be without merit.

Rose, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) denied the cross motion of defendant O'Connell and Aronowitz, P.C. for dismissal of (a) defendant Sherry Kehl's cross claim against it for prima facie tort and (b) defendant Richard M. Carbone's cross claims against it for prima facie tort and legal malpractice, (2) directed plaintiff to release bail proceeds paid by Carbone to O'Connell and Aronowitz, and (3) granted the cross motion of O'Connell and Aronowitz for summary judgment on its breach of contract cross claim against Carbone; summary judgment awarded to O'Connell and Aronowitz dismissing the prima facie tort and legal malpractice cross claims of Kehl and/or Carbone against it, and direct plaintiff to release bail proceeds to Carbone; and, as so modified, affirmed.