■ KRISTY WILSON, Respondent, v BARRY WILSON JR., Defendant. KYMBERLY ROBINSON, Appellant. [927 NYS2d 460]—

Kavanagh, J.

Kymberly Robinson was defendant's counsel of record in this matrimonial action when, on July 12, 2010, Supreme Court received a letter purportedly authored by her stating that the matter had settled and the parties were requesting that a conference with the court scheduled for the next day be adjourned.[1] Notwithstanding this letter, plaintiff's counsel ap-

---

1. While the parties apparently agree that the letter bore the purported signature of Robinson, the letter included in the record is unsigned.

peared for the conference and advised the court that while a possible settlement of the action had been discussed with one Francois Nabwangu, who claimed to be an attorney affiliated with Robinson, the matter had not settled, nor did the parties agree that the conference should be adjourned. In response, the court directed that all involved appear before it on July 16, 2010 and be prepared to discuss, among other things, the representations contained in the letter as well as Robinson's failure to appear at the conference.[2]

On July 16, 2010, W. Bradney Griffin, at Robinson's request, appeared with defendant at the conference and was substituted as his counsel. A scheduling order for the action was issued by Supreme Court, directing plaintiff's counsel to submit her billing records for the "aborted conference of July 13, 2010, for the [c]ourt to consider possible sanctions against [Robinson]."[3] After it reviewed plaintiff's proposed bill of services,[4] the court directed that plaintiff submit an order directing Robinson to pay counsel fees, but did not set the amount.

Meanwhile, Robinson retained her own counsel, who contacted Supreme Court and requested permission to present submissions explaining why Robinson failed to appear at the July 13, 2010 conference and detailing why she had no involvement in the preparation of the settlement letter that was sent to the court. The court advised Robinson's counsel that he could submit "a Notice of Appearance to Chambers, stating briefly your position relative to plaintiff's pending application for counsel fees. Upon receipt of same, [the court] will set a deadline for any further submissions." A week later, Robinson's counsel filed a notice of appearance with a letter stating that, prior to the July 13 conference, Nabwangu had assumed responsibility for representing defendant in the matrimonial action and, without Robinson's knowledge, had drafted the letter that was sent to the court advising that the matter had settled. Counsel further stated that Robinson denied signing the letter, had no involvement in its preparation, and welcomed "an opportunity to present evidence or argument in a more formal manner."

Weeks later, Supreme Court issued a decision finding that

---

**2.** Plaintiff moved for a default judgment after defendant failed to appear at the conference and had not served an answer to the complaint. Supreme Court initially reserved on the motion, but ultimately denied it.

**3.** There is no evidence in the record that Robinson was served with the scheduling order or given notice of the conference during which potential sanctions were first discussed.

**4.** The bill, which totaled more than $7,000, included legal fees above and beyond what was incurred by plaintiff for the July 13, 2010 conference.

Robinson was in fact responsible for the settlement letter being sent to the court and she had not provided an acceptable excuse for her failure to attend the scheduled court conference. The court also determined that Robinson had not filed a proper substitution of counsel form relieving her of the responsibility of representing defendant in this action. Based on these findings, the court determined that Robinson had engaged in frivolous conduct (*see* 22 NYCRR 130-1.1 [c]), and sanctioned her by requiring that she pay plaintiff $1,000 for expenses and counsel fees incurred as a result of that conduct. Robinson paid the sanction, and now appeals.

Contrary to plaintiff's contention, Robinson's payment of the sanction does not render her challenge to the court order moot. The terms of the order did not stay or suspend the payment of these costs and the adverse impact a sanction may have on Robinson's professional reputation is self-evident (*see Matter of Seagroatt Floral Co. [Riccardi]*, 78 NY2d 439, 448 n [1991]).[5] Moreover, in our view, Supreme Court's determination that Robinson was responsible for the submission of the settlement letter is not supported by the record. While the representations in the letter regarding the status of this action were undoubtedly material and false—and, as such, constitute frivolous conduct (*see* 22 NYCRR 130-1.1 [c] [3])—it is by no means clear from the evidence in the record that Robinson authored the letter or was responsible for it being sent to the court. While the letter bore her name and her apparent signature, Robinson, through counsel, denied signing it or even knowing of its existence. We also note that no other evidence has been presented establishing that Robinson had a hand in the creation of this letter and, on the day before the conference, plaintiff's counsel acknowledged speaking with Nabwangu, and not Robinson, about a possible settlement of the action. As a result, any sanction based upon a finding that Robinson was responsible for this letter is not supported by the record evidence and must be vacated.

We are also of the view that while Robinson's failure to attend the court conference and file a proper substitution of counsel form may warrant the imposition of court costs (*see* 22 NYCRR 130-2.1), neither, on the facts presented, constitutes sanctionable conduct. This is especially true given the absence of any evidence that this failure to file the form or attend the conference was part of a deliberate effort to delay these proceedings. As for the imposition of costs, it is undisputed that on the

---

5. Plaintiff's complaints regarding the incomplete record were addressed by the supplemental records provided by Robinson.

date of the conference, Robinson remained defendant's counsel of record and clearly had not satisfied her obligation to insure that defendant and his new counsel appeared at the scheduled conference. 22 NYCRR 130-2.1 (a) provides that a court "may award costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, upon any attorney who, without good cause, fails to appear at a time and place scheduled for an action or proceeding to be heard before a designated court." Here, Supreme Court appropriately determined that Robinson was responsible for any additional legal costs that plaintiff incurred as a direct result of her—and her client—not attending this scheduled court conference. Therefore, while sanctions on this record are not warranted, we do conclude that Robinson should be assessed costs pursuant to 22 NYCRR 130-2.1, and that the $1,000 imposed by the court is sufficient to satisfy Robinson's obligation for the additional legal expenses incurred by plaintiff for attending this conference.

Mercure, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as imposed sanctions upon Kymberly Robinson in the amount of $1,000 pursuant to 22 NYCRR 130-1.1; costs are imposed upon Robinson in the amount of $1,000 pursuant to 22 NYCRR 130-2.1; and, as so modified, affirmed.