McCarthy, J.
*1056 Defendant Richard M. Carbone (hereinafter defendant) was charged criminally and posted $50,000 bail, in part by charging $18,500 on his credit card. Defendant hired defendant O’Connell and Aronowitz, EC. (hereinafter O&A) to represent him and executed a retainer agreement setting a minimum fee. After defendant entered a guilty plea, County Court (Becker, J.) exonerated bail but directed plaintiff, as County treasurer, to determine who was entitled to the money. Plaintiff commenced this interpleader action and defendants filed cross claims and counterclaims. Following various cross motions for summary judgment, Supreme Court (Reynolds Fitzgerald, J.), among other things, directed plaintiff to remit to O&A the $18,500 posted by defendant, less statutory fees.
In a prior appeal, this Court found, among other things, that Supreme Court (Reynolds Fitzgerald, J.) erred in ordering plaintiff to release bail proceeds directly to O&A, as there was no written assignment of the right to that money (Shields v Carbone, 78 AD3d 1440, 1443 [2010]). We held that “the court should have directed plaintiff to release the bail proceeds to [defendant], the original depositor of those funds” (id.). Defendant then moved in Supreme Court for, among other things, an order directing plaintiff to release the bail proceeds to him. Plaintiff cross-moved for counsel fees pursuant to 42 USC §§ 1983 and 1988, due to Supreme Court’s dismissal, affirmed by this Court, of defendant’s and defendant Sherry Kehl’s causes of action pursuant to 42 USC § 1983. Supreme Court (Becker, J.) — despite recognizing that plaintiff had apparently already released defendant’s bail proceeds to O&A in accordance with the prior Supreme Court order — ordered plaintiff to pay the bail proceeds to defendant, less statutory fees. The court also denied plaintiffs cross motion. Plaintiff appeals.
Supreme Court improperly ordered plaintiff to release the bail proceeds to defendant without simultaneously ordering O&A to return the bail proceeds that plaintiff paid to O&A pursuant to the initial court order. Plaintiff filed this interpleader action as a disinterested stakeholder seeking the court’s guidance regarding the proper party to receive the bail proceeds (see CPLR 1006 [a]). After the court ruled initially, plaintiff released the proceeds to O&A as required by that order, thereby discharging plaintiff from liability (see CPLR 1006 [f]). Defendant thereafter considered only part of our prior order in seeking payment from plaintiff. While we did, in the decretal paragraph, “direct plaintiff to release bail proceeds to [defendant],” we also reversed so much of the initial Supreme Court order as directed plaintiff to release bail proceeds to O&A (78 AD3d at 1444). *1057 Thus, the court should have directed O&A to return the proceeds it received from plaintiff pursuant to the prior order— because that provision had been modified by this Court — at the same time that it directed plaintiff to release the proceeds to defendant, so as to prevent plaintiff from incurring double liability. Any remaining disputes between defendant and O&A should be litigated between those parties (see id. at 1442-1443), with plaintiff being discharged from the action (see CPLR 1006 [f]).
Plaintiff was not entitled to counsel fees pursuant to 42 USC § 1988. Although plaintiff successfully sought dismissal of defendant’s and Kehl’s civil rights causes of action, “it is very rare [for] victorious defendants in civil rights cases [to] recover attorneys’ fees” (Sista v CDC Ixis N. Am., Inc., 445 F3d 161, 178 [2d Cir 2006]). The civil rights allegations were extremely weak, but we will not deem those claims “frivolous, unreasonable, or groundless” so as to entitle plaintiff to counsel fees (Christiansburg Garment Co. v EEOC, 434 US 412, 422 [1978]; accord Fox v Vice, 563 US —, —, 131 S Ct 2205, 2213 [2011]).
Defendant’s and Kehl’s requests for sanctions against plaintiff and her counsel are denied.
Peters, EJ., Rose, Spain and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by directing that defendant O’Connell and Aronowitz, EC. return to plaintiff the bail proceeds paid to it by plaintiff, with statutory interest from November 24, 2010, and, as so modified, affirmed.