McCarthy, J.
Attorney Tatiana Neroni represented defendant Richard M. Carbone in his efforts to recover bail money posted in a criminal matter. In response to Carbone’s motion, Supreme Court, among other things, ordered plaintiff to release certain bail proceeds to Carbone.[1] The court also ordered Neroni to show cause as to why an order should not be entered against her imposing sanctions “for gratuitous allegations of misconduct and threats against this court contained in her reply affirmation, dated March 14, 2011.” Neroni filed a June 2011 affirmation in opposition. The court held that arguments advanced by Neroni in her March and June affirmations were frivolous and imposed sanctions against her in the amount of $2,500. Neroni appeals.[2]
Initially, the imposition of sanctions is not barred by collateral estoppel or law of the case. Neroni contends that Supreme Court could not impose sanctions because this Court had previously declined a request for sanctions in this case (Shields v Carbone, 78 AD3d 1440 [2010]). Our prior ruling, however, could not have addressed Neroni’s conduct that occurred after that decision was issued. Thus, Supreme Court properly considered for the first time whether Neroni should be sanctioned for allegations in her March 2011 affidavit.
Neroni was provided notice of the grounds for the possible imposition of sanctions and was afforded a reasonable opportunity to be heard. Sanctions may be imposed either upon a party’s motion or “upon the court’s own initiative, after a reasonable opportunity to be heard” (22 NYCRR 130-1.1 [d]). Courts have reversed orders imposing sanctions where there was no notice at all (see Deeb v Tougher Indus., 216 AD2d 667, 668 [1995]), where the motion listed a specific statute but the court imposed sanctions under a different regulation for which there was no notice (see Matter of Dempsey v Arreglado, 95 *1102 AD3d 1388, 1391 [2012]), and where sanctions were imposed for conduct other than that cited by the moving party, for which the sanctioned party had no notice or opportunity to be heard (see Telemark Constr. v Fleetwood & Assoc., 236 AD2d 462, 463 [1997]). The order to show cause here, entered on the court’s own initiative, sufficiently put Neroni on notice of the conduct at issue by referring to her allegedly inappropriate statements in a specified affidavit; Supreme Court did not need to list in the order to show cause each particular phrase or portion of that affidavit that was considered inappropriate or frivolous.
A notice of motion must list “the relief demanded and the grounds therefor” (CPLR 2214 [a]). Although “[i]n specifying the grounds of the motion, it does no harm to cite chapter and verse,” and that may be the better practice as it clearly puts the party on notice of the grounds alleged (Patrick M. Connors, Practice Commentaries, McKinney’s Cons Law of NY, Book 7B, CPLR 2214:3 at 113; see Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway, 76 NY2d 411, 413 n [1990]), there is no requirement that the notice of motion list the statute or regulation that is the basis of the sanctions motion as long as some grounds are mentioned (see Matter of Blauman-Spindler v Blauman, 68 AD3d 1105, 1106 [2009]). Here, while Neroni stated in her June 2011 affidavit that she was unsure whether Supreme Court was proceeding against her “in a contempt proceeding or in a frivolity proceeding,” she was not prejudiced because her affidavit addressed the facts and law under either scenario (see id. at 1106). Further, she has not indicated that she would have provided any additional or different information had Supreme Court’s order to show cause been more specific. Hence, the order to show cause provided sufficient notice and Neroni was afforded an opportunity to be heard.[3]
Neroni claims that the judge was without jurisdiction or was disqualified to preside over this case. Her affidavit stated that the judge should recuse himself, but she did not actually move for recusal. Absent legal disqualification (see Judiciary Law § 14), which did not exist here, a judge may determine for himself or herself whether recusal is warranted, and a decision in that regard will only be overturned if there was an abuse of discretion (see Mokay v Mokay, 67 AD3d 1210, 1213 [2009]). We *1103 find no abuse of discretion here, as the allegations supporting disqualification are unsupported.[4]
Supreme Court had a legitimate basis for imposing $2,500 in sanctions against Neroni. While we agree with Neroni that the court should not have considered prior behavior of her husband and former law partner, Neroni personally and jointly participated in some of the referenced behavior and the evidence of her frivolous conduct was sufficient even without relying on information regarding cases in which her husband participated. We disagree with Neroni’s assertion that the court erred in relying on her behavior in prior cases, as the court could consider “the circumstances under which the conduct took place” (22 NYCRR 130-1.1 [c]), which would include whether her behavior here was aberrant or part of a pervasive pattern. Additionally, Neroni herself cited certain other actions and proceedings, including references to index numbers, so the court did not err in relying on her behavior in those cases that she raised in her affidavit. Some of Neroni’s statements in her four-page March 2011 affidavit accused the court of rendering decisions for political or financial reasons, willfully disobeying the law, and either committing crimes or condoning the commission of crimes by other public officials. She also threatened to call the judge as a witness and asked him to step down from the case, stating that his refusal would force a recusal motion “where we will have to list and analyze in detail Judge Becker’s inappropriate behavior.” The court did not abuse its discretion in finding these allegations to be frivolous (see Matter of Jemzura v Mugglin, 207 AD2d 645, 647 [1994], appeal dismissed 84 NY2d 977 [1994]). Although the order to show cause did not mention Neroni’s June 2011 affidavit as a basis for the motion — which would have been impossible because the affidavit was in response to the motion — the court could consider her statements in that document when imposing sanctions because Neroni used that 14-page affidavit to adhere to, continue and greatly expand upon her frivolous arguments. The court’s written decision described in detail the conduct that formed the basis of its decision, that this conduct was deemed frivolous because her arguments had no basis in law and were intended to harass and injure the court, and why $2,500 was an appropriate amount for the sanction (see 22 NYCRR 130-1.2). As the court did not abuse its discretion, we will not disturb the sanctions (see First Deposit Natl. Bank v Van Allen, 277 AD2d 858, 860-861 [2000]).
*1104 Peters, EJ., Rose, Spain and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

. Plaintiff appealed from that order (Shields v Carbone, 99 AD3d 1055 [2012] [decided herewith]).

. Although an order entered on a court’s sua sponte motion is not appeal-able as of right because it is not considered an order deciding a motion made on notice (see CPLR 5701 [a] [2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]), we will treat Neroni’s notice of appeal as an application for leave to appeal and grant that application (see CPLR 5701 [c]; Gutin-Nedo v Marshall, Cheung & Diamond, 301 AD2d 728, 729 n [2003]).

„ Oral argument was also scheduled on Supreme Court’s motion, but Neroni chose not to attend.

. We note that on the merits of the underlying motion for which Neroni submitted the March 2011 affidavit, Supreme Court ruled in favor of her client, indicating a lack of bias (see Matter of Shaffer v Winslow, 17 AD3d 766, 768 [2005]).