■ In the Matter of LAMONT BANTON, Appellant, v NEW YORK CITY DEPARTMENT OF CORRECTIONS, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [977 NYS2d 793]—

McCarthy, J. Appeal from a decision of the Workers' Compensation Board, filed September 6, 2012, which, among other things, assessed a monetary penalty against claimant's counsel pursuant to Workers' Compensation Law § 114-a (3) (ii).

After claimant was injured in a work-related incident, he filed a claim for workers' compensation benefits. Claimant's counsel sought a change of venue to a location closer to counsel's office, relying upon a purported "Board Rule 10.01 (1) (c)," which counsel said required the Workers' Compensation Board to grant the request. Finding that no such "Board Rule" exists, that claimant failed to present a reasonable ground for the change of venue, and that claimant's counsel had previously been admonished for filing similar applications, the Workers' Compensation Law Judge denied the request and assessed penalties against counsel pursuant to Workers' Compensation Law § 114-a (3) (i) and (ii). On administrative appeal, the Board modified the decision by rescinding the penalty imposed pursuant to Workers' Compensation Law § 114-a (3) (i) and, finding that the appeal was filed without a reasonable basis, by increasing the penalty imposed pursuant to Workers' Compensation Law § 114-a (3) (ii). Claimant appeals.*

We affirm. Workers' Compensation Law § 114-a (3) (ii) provides that "[i]f the [B]oard . . . determines that the proceedings in respect of [a claim for compensation], including any appeals, have been instituted or continued without reasonable ground[,] . . . reasonable attorneys' fees shall be assessed against an attorney . . . who has instituted or continued proceedings without reasonable grounds." We will not disturb the Board's imposition of a penalty for a violation of that statute so long as the determination is supported by substantial evidence (see Matter of Borgal v Rochester-Genesee Regional Transp. Auth., 108 AD3d 914, 915 [2013]; Matter of Martinez v LeFrak City Mgt., 100 AD3d 1110, 1111 [2012]; Matter of Poli v Taconic Correctional Facility, 83 AD3d 1339, 1339-1340 [2011]). The Board considers a request for change of venue, which is a procedural motion, to constitute a proceeding for purposes of the statute. Counsel was previously warned that what she cited as a "Board Rule" was actually a provision of a private legal

---

* Although the notice of appeal was filed in claimant's name, counsel should have filed the notice of appeal on her own behalf because the only issue on appeal pertains to the sanction against counsel (see e.g. Shields v Carbone, 99 AD3d 1100, 1101 [2012]; Wilson v Wilson, 86 AD3d 824, 825-826 [2011]).

treatise, that it did not accurately reflect the law or Board policy on venue, and that any further change of venue request filed based on that reasoning and citation "will be deemed a proceeding instituted without reasonable grounds and subject to the imposition of penalties under" the statute. While the Board's clarification of the rules for change of venue applications was not issued until after counsel filed claimant's request, that clarification was available prior to counsel filing her administrative appeal. Therefore, as substantial evidence supports the Board's findings that counsel had no reasonable grounds for filing the request for change of venue or the appeal to the Board, we will not disturb the penalty imposed.

Peters, P.J., Stein and Spain, JJ., concur. Ordered that the decision is affirmed, with costs.