OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law in 2009 by the Appellate Division, Third Department, and formerly maintained an office in Delhi. Her office address currently on file with the Office of Court Administration is a post office box located in Pawleys Island, South Carolina.
In 2013, a petition was filed in the Third Department asserting four charges of misconduct against respondent. Charges one through three allege that she engaged in frivolous conduct in three client matters, resulting in the entry of three trial court orders imposing against her monetary sanctions in the total amount of $5,000. Charge four alleges that respondent failed to comply with the sanctions orders because she did not pay the sanctions to the Lawyers’ Fund for Client Protection.
Respondent filed in the Third Department an answer denying certain allegations of the petition and asserting several affirmative defenses. With respect to charge four, respondent asserted that she had deposited in escrow with the Delaware County Clerk funds in payment of the sanctions, which were remitted by the County Clerk to the Lawyers’ Fund in October 2013.
The Committee on Professional Standards for the Third Judicial Department thereafter filed a motion for an order declaring that the pleadings raise no issues of fact, sustaining charges one through three, pursuant to the doctrine of collateral estoppel, and sustaining charge four based on the assertion in respondent’s answer that she had paid the sanctions to the Delaware County Clerk, rather than to the Lawyers’ Fund.
Respondent opposed that motion and cross-moved for an order, inter alia, dismissing the petition, recusing the Third Department and disqualifying the Committee on Professional Standards on various grounds.
By order entered June 11, 2014, the Third Department transferred the matter to this Court for disposition pursuant to *99 the rules of this Court. Although respondent filed in this Court certain motions for an order vacating the transfer order, recusing this Court and disqualifying the Grievance Committee of the Fourth Judicial Department on various grounds, this Court denied those motions and appointed a referee to conduct a hearing on any issues of fact raised by the pleadings and to make advisory findings on the collateral estoppel effect, if any, of the sanctions orders set forth in charges one through three.
The Referee has filed a report making an advisory finding that the pleadings raise no issues of fact requiring a hearing in relation to charges one through three because the doctrine of collateral estoppel precludes respondent from relitigating the issues that were determined against her in the prior sanctions proceedings, namely, that she had engaged in frivolous conduct in three client matters. The Referee further found that no hearing was necessary on charge four because that charge was established by respondent’s assertion in her answer that she had paid the sanctions to the Delaware County Clerk, rather than to the Lawyers’ Fund.
The Grievance Committee moves to confirm the report of the Referee, and respondent moves for an order, inter alia, disaffirming and vacating the report of the Referee, recusing this Court, disqualifying the Grievance Committee, and dismissing the petition on numerous procedural and substantive grounds.
This Court scheduled the matter for an appearance on May 26, 2015, to hear oral argument of motions directed to the report of the Referee and to afford respondent an opportunity to be heard in mitigation. Respondent, however, did not appear on that date and, in the notices of her aforementioned motions, she stated that she was moving the Court on a “submitted basis.” Respondent additionally wrote to the Clerk of this Court contending that the Court was without authority to hear matters in mitigation without first determining whether she had violated any disciplinary rules.
We confirm the advisory finding of the Referee regarding the collateral estoppel effect of the sanction orders underlying charges one through three. The record establishes that whether respondent engaged in frivolous conduct is an issue that was raised, necessarily decided, and material in those prior proceedings (see generally Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]) and, in each proceeding, the court imposing sanctions issued a written decision specifying the objectionable conduct and why it was frivolous. Furthermore, respondent has failed *100 to establish that she did not have a full and fair opportunity to contest those prior determinations. The Third Department affirmed on appeal the sanctions underlying charges one and three (see M & C Bros., Inc. v Torum, 101 AD3d 1329, 1329-1330 [2012]; Shields v Carbone, 99 AD3d 1100, 1102-1103 [2012]), and respondent did not appeal the sanctions underlying charge two, thereby indicating her willingness to be bound by that determination (see Matter of Capoccia, 272 AD2d 838, 846-847 [2000]).
With respect to charge four, we dismiss it as a matter of law because it fails to allege a cognizable violation of any disciplinary rule. The petition alleges that respondent “failed to comply with a ruling of a tribunal” and violated rule 3.1 of the Rules of Professional Conduct (22 NYCRR 1200.0) when she failed to pay the monetary sanctions to the Lawyers’ Fund. Rule 3.1, however, prohibits a lawyer from engaging in frivolous conduct and does not concern a lawyer’s alleged failure to comply with the ruling of a tribunal. In our view, the disciplinary rule most relevant to the substantive allegations in charge four is rule 3.4 (c) of the Rules of Professional Conduct. Although that rule provides that a lawyer shall not “disregard” a ruling of a tribunal, the petition alleges only that respondent “failed to comply” with the sanctions orders. Based on those circumstances, we conclude that charge four fails as a matter of law and must be dismissed.
As a matter of procedure, we reject respondent’s contention that this Court has engaged in “gross continuing judicial misconduct” by, inter alia, refusing to enter an order unsealing all records relating to the charges herein and opening the disciplinary proceeding to the public based on her waiver of confidentiality submitted to the Clerk of this Court.
Judiciary Law § 90 (10) empowers only the Justices of this Court, by written order and “upon good cause being shown,” to permit disclosure of all or any part of confidential disciplinary records.
In this case, the Clerk of the Court advised respondent that only the Court had authority to unseal the disciplinary proceeding and, therefore, a motion to the Court was required to unseal disciplinary records or open the proceedings to the public. Respondent, however, never made the necessary application to the Court to obtain that relief.
We have considered respondent’s remaining contentions and conclude that they lack merit.
*101 Based on the record herein, we dismiss charge four, deny respondent’s motions seeking dismissal of the petition, disqualification of the Grievance Committee and other relief, confirm the Referee’s advisory determination regarding the collateral estoppel effect of the sanctions orders underlying charges one through three, and conclude that respondent has violated rule 3.1 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0).
In determining an appropriate sanction, we have considered that respondent has failed to acknowledge or express remorse for the misconduct. We have additionally considered that the frivolous conduct at issue herein was not an isolated incident and involved a pattern of abuse of the legal process. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for a period of two years.
Smith, J.P., Carni, Valentino and DeJoseph, JJ., concur.
Order of suspension entered.