■ In the Matter of ALEKSANDR CHABANOV, Respondent, v OLESIA CHABANOVA, Appellant. [46 NYS3d 177]—

Appeal by the mother from an order of the Family Court, Kings County (Dean T. Kusakabe, J.), dated December 14, 2015. The order granted the father's motion for an award of an attorney's fee for the failure of the mother's attorney to attend a court appearance.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the motion is denied.

In this proceeding relating to custody of and visitation with the parties' child, the mother was represented by assigned counsel, but sought to retain counsel. When she contacted an attorney, Raquel Vasserman, for the purpose of retaining her, Vasserman informed the mother that she would be unable to appear on the next court date, November 12, 2015. Vasserman nonetheless contacted the father's counsel and asked her to stipulate to an adjournment, and the father's counsel refused. Vasserman thus advised the mother to seek other counsel and declined to be retained. On the afternoon of Tuesday, November

10, 2015, the day before Veteran's Day, a court holiday, Vasserman agreed to represent the mother and filed a notice of appearance. In addition, she sent a fax to the Family Court advising that she had been retained, but that she could not appear on November 12, 2015, and also informed opposing counsel. On November 12, 2015, the father's counsel and the mother's assigned counsel appeared in court, but Vasserman did not. The court relieved assigned counsel and adjourned the hearing date. The father subsequently moved by order to show cause to impose a sanction against the mother, and the Family Court granted the motion, directing the mother to pay an attorney's fee in the sum of $500 to the father's attorney. We reverse.

Where the mother was represented by counsel at the conference on November 12, 2015, the father's attorney was already aware that the mother's attorney would seek an adjournment, and there was no indication that the mother was merely seeking to delay the proceeding by retaining Vasserman, it was an improvident exercise of discretion for the Family Court to direct the mother to pay an attorney's fee to the father's attorney based on Vasserman's absence from court on November 12, 2015 (see 22 NYCRR 130-2.1 [b]; Wilson v Wilson, 86 AD3d 824, 825-826 [2011]). Mastro, J.P., Dillon, Balkin and Maltese, JJ., concur.