*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    March 3, 2016                519980
_____

TATIANA NERONI,
                        Appellant,

            v                              MEMORANDUM AND ORDER

JONATHAN S. FOLLENDER et al.,
                        Respondents.
_____


Calendar Date:    January 14, 2016

Before:    McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____


        Tatiana Neroni, Pawleys Island, South Carolina, appellant
pro se.

        Jonathan S. Follender, PC, Arkville (Jonathan S. Follender
of counsel), for respondents.

_____


Garry, J.

        Appeals (1) from an order of the Supreme Court (Tormey,
J.), entered December 30, 2013 in Delaware County, which, among
other things, granted defendants' motion to dismiss the
complaint, and (2) from an order of said court, entered April 14,
2014 in Delaware County, which, among other things, partially
granted defendants' cross motion and directed plaintiff to pay
costs and counsel fees.

        In 2007, defendant Jonathan S. Follender (hereinafter
Follender) and his law firm, defendant Jonathan S. Follender,
P.C. (hereinafter the law firm), commenced a breach of contract
action on behalf of clients of the law firm against clients of

plaintiff.[1]  The action culminated in a default judgment against plaintiff's clients and an award of sanctions for frivolous conduct against plaintiff; both determinations were affirmed by this Court (M & C Bros., Inc. v Torum, 101 AD3d 1329, 1330 [2012], appeal dismissed 21 NY3d 898 [2013]).  Plaintiff then commenced this action against Follender, the law firm and the law firm's clients in the breach of contract action, alleging that Follender and the law firm committed fraud upon the court in that action and a subsequent special proceeding to enforce the judgment, that the clients colluded with Follender and the law firm to commit fraud, deceit and collusion in violation of Judicial Law § 487, and that defendants committed defamation. Defendants moved to dismiss the complaint and sought sanctions and an order to preclude plaintiff from bringing further litigation against them.  In December 2013, after extensive motion practice and correspondence, Supreme Court dismissed plaintiff's complaint with prejudice, sanctioned plaintiff in the amount of $2,000 for frivolous conduct and awarded injunctive relief to defendants, as well as counsel fees and costs. Plaintiff then moved for recusal and to renew and/or reargue the December 2013 order, and defendants cross-moved for, among other things, a determination of the amount of counsel fees and costs. In April 2014, the court denied plaintiff's motion and partially granted the cross motion by, among other things, setting the amount of counsel fees and costs awarded in the December 2013 order at $8,470.  Plaintiff appeals from both orders.

Initially, and contrary to plaintiff's contention, Supreme Court was not deprived of authority to consider defendants' motion to dismiss on the ground that the notice of motion was personally served by Follender.  Although CPLR 2103 (a) requires service to be made by a person who is not a party to the action, a violation of this provision "is a mere irregularity which does not vitiate service" where, as here, no resulting prejudice is shown (Matter of Conti v Clyne, 120 AD3d 884, 886 [2014]

_____

    [1]  Plaintiff's clients were initially represented by plaintiff's husband, former attorney Frederick J. Neroni, prior to 2011 (see Matter of Neroni, 86 AD3d 710, 711 [2011], appeal dismissed and lv denied 17 NY3d 851 [2011]).

[internal quotation marks and citations omitted], lv denied 23 NY3d 908 [2014]; see CPLR 2001). Turning to the merits, the court correctly dismissed the complaint. The first two of the four causes of action alleging fraud upon the court were barred by collateral estoppel, as they merely repeated allegations that had already been fully litigated in the prior breach of contract action and its appeal (see Ryan v New York Tel. Co., 62 NY2d 494, 502 [1984]; see also Matter of Capoccia, 272 AD2d 838, 847 [2000], lv dismissed 95 NY2d 887 [2000]). Additionally, as the court found, none of the causes of action alleging fraud upon the court met the requirement that a cause of action based on fraud must be supported by "detailed factual allegations" (Boyle v Burkich, 245 AD2d 609, 610 [1997]; see CPLR 3016 [b]). Even when liberally construed, plaintiff's vague allegations failed to include specific facts demonstrating that defendants' representations were intentional, were calculated to deceive the court or were part of an "unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter" (CDR Créances S.A.S. v Cohen, 23 NY3d 307, 321 [2014] [internal quotation marks and citation omitted]).

Supreme Court properly dismissed the fifth cause of action, which alleged in conclusory terms that the law firm's clients acted in collusion with Follender and the law firm to commit fraud, collusion and deceit. As the court correctly determined, the complaint included no specific allegations whatsoever of any fraudulent statements or other wrongdoing on the clients' part, and Judiciary Law § 487, by its terms, does not apply to non-attorneys. Finally, we agree with the court that the cause of action alleging defamation and defamation per se did not describe the alleged defamatory statements with the requisite specificity (see CPLR 3016 [a]; Martin v Hayes, 105 AD3d 1291, 1293 [2013]), that the claim was time-barred by the one-year statute of limitations as to all but one of the statements that apparently formed the basis of the allegations (see CPLR 215 [3]), and that the remaining statement was made in the course of the prior court proceeding and was therefore protected by an absolute privilege (see Black v Green Harbour Homeowners' Assn., Inc., 19 AD3d 962, 963 [2005]). Plaintiff's contention that the court should have granted leave to amend her complaint rather than dismissing it on the merits is unpreserved (see CPLR 5501 [a] [3]).

In view of plaintiff's history of repeatedly raising the same frivolous issues in the current case and the previously-mentioned breach of contract action, and of having been sanctioned for this behavior, Supreme Court did not err in enjoining her from bringing any further litigation against defendants without court permission (see Bell v New York Higher Educ. Assistance Corp., 250 AD2d 496, 496 [1998], appeal dismissed 92 NY2d 876 [1998], appeal and lv dismissed 93 NY2d 920 [1999]; Braten v Finkelstein, 235 AD2d 513, 514 [1997]).  For the same reasons, the court did not abuse its discretion in determining that an award of sanctions was appropriate (see Matter of De Ruzzio v De Ruzzio, 287 AD2d 896, 896-897 [2001]; Matter of Jemzura v Mugglin, 207 AD2d 645, 646-647 [1994], appeal dismissed 84 NY2d 977 [1994]).[2]  Contrary to plaintiff's claim, she was afforded the requisite notice of the basis for a potential award of sanctions and a reasonable opportunity to be heard; defendants' notice of motion requested sanctions for plaintiff's frivolous conduct, and – after a considerable delay in which she sought adjournments and raised various other arguments – plaintiff responded to the request in her opposing affidavit (see Shields v Carbone, 99 AD3d 1100, 1101-1102 [2012]).

Supreme Court also properly awarded counsel fees and costs pursuant to CPLR 8303-a based upon its determination that plaintiff knew or should have known that her claims lacked merit (see Smullens v MacVean, 183 AD2d 1105, 1107-1108 [1992], lv dismissed 85 NY2d 995 [1992]; Patane v Griffin, 164 AD2d 192, 196-197 [1990], lvs denied 77 NY2d 810 [1991]), and the amount of the award was properly based upon defendants' showing of the hours expended and the reasonableness of the law firm's hourly rate (see Matter of Gamache v Steinhaus, 7 AD3d 525, 527 [2004]). Contrary to plaintiff's contention, no formal evidentiary hearing on the amount of the award was required, as plaintiff was

_____

[2]  During the pendency of this appeal, plaintiff was suspended from the practice of law for two years for frivolous conduct in several cases, including the previously maintained action for breach of contract (Matter of Neroni, 135 AD3d 97, 101 [2015]).

afforded an appropriate opportunity to be heard when the court directed defendants to submit an affidavit detailing the amount of their counsel fees and costs and provided plaintiff with an opportunity to submit an opposing affidavit (see Grasso v Mathew, 187 AD2d 758, 758 [1992]). We further note that plaintiff's opposing affidavit included no request for an evidentiary hearing on the amount of the award.

As for the remaining issues, to the extent that plaintiff's motion sought reargument, the denial of such a motion is not appealable (see Schillaci v Sarris, 122 AD3d 1085, 1087 [2014]). Further, as plaintiff failed to demonstrate the existence of new facts or a change in the law that would alter the previous determination, the motion for renewal was properly denied (see CPLR 2221 [e] [2]). To the extent that plaintiff's motion for recusal was based on new events occurring after the court issued an order denying plaintiff's previous motion for the same relief in September 2013, we agree with the court that no basis was shown for legal disqualification pursuant to Judiciary Law § 14. In the absence of such a disqualification, "a trial judge is the sole arbiter of recusal," and we find no indication of bias or prejudice and no abuse of discretion in the court's determination that it could give fair consideration to the case (Matter of Barney v Van Auken, 97 AD3d 959, 960 [2012] [internal quotation marks and citations omitted], lv denied 20 NY3d 856 [2013]). Plaintiff's remaining arguments have been considered and found to be without merit.

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.

ORDERED that the orders are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court