*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 29, 2016                522154
_____

ROBERT R. SPROLE III,
                    Respondent,

          v                          MEMORANDUM AND ORDER

LINDA S. SPROLE,
                    Appellant.
_____


Calendar Date:  November 18, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

                    _____


          Linda S. Sprole, Ithaca, appellant pro se.

          D.J. & J.A. Cirando, Syracuse (John A. Cirando of counsel),
for respondent.

                    _____


Peters, P.J.

          Appeal from a judgment of the Supreme Court (Ames, J.),
entered September 22, 2015 in Tompkins County, ordering, among
other things, equitable distribution of the parties' marital
property, upon a decision of the court.

          Plaintiff (hereinafter the husband) and defendant
(hereinafter the wife) were married in 1994 and have two
daughters (born in 1996 and 2005).  In 2009, the husband moved
out of the marital home and commenced this action for divorce.
The parties stipulated to the ground for divorce and, in March
2013, an order was entered awarding the parties joint legal
custody of the older daughter, with physical custody to the
mother, and granting sole legal and physical custody of the
younger daughter to the father.  Following a nonjury trial on the
remaining issues that divided the parties, Supreme Court issued a

judgment of divorce which, among other things, awarded
maintenance to the wife in the amount of $8,000 per month for
five years, set the husband's monthly child support obligation at
$1,997.50, distributed the marital assets and directed the
husband to pay $200,000 of the wife's counsel fees.  Overall, the
parties' marital assets were distributed equally, with the
exception of the husband's interest in the closely held company
for which he served as the chief executive officer, of which the
wife was awarded 30% of the stipulated value to be paid in five
annual installments of $60,000 with a balloon payment of $600,000
in the sixth year.  The judgment also directed that the marital
home be listed for immediate sale, with the net proceeds
therefrom to be divided equally between the parties.  The wife
appeals.

     We first address the wife's challenge to the award of
spousal maintenance.  "The amount and duration of a maintenance
award are addressed to the sound discretion of the trial court,
and will not be disturbed provided that the statutory factors and
the parties' predivorce standard of living are considered"
(Robinson v Robinson, 133 AD3d 1185, 1186 [2015] [internal
quotation marks and citations omitted]; see Domestic Relations
Law § 236 [B] [former (6)]; Cervoni v Cervoni, 141 AD3d 918, 919
[2016]).  The court must set forth a reasoned analysis of the
factors it relies upon in fashioning the award, "but it 'is not
required to analyze and apply every factor set forth in [the
statute]'" (Curley v Curley, 125 AD3d 1227, 1228 [2015], quoting
McAteer v McAteer, 294 AD2d 783, 784 [2002]; see Robinson v
Robinson, 133 AD3d at 1186).

      Here, Supreme Court fully acknowledged the significant
disparity in the parties' income, noting that the husband was
earning an annual salary of approximately $415,000 at the time of
trial while the wife, having left the workforce in 1996 following
the birth of the parties' older child, had no income.  The court
also recognized, however, that the wife was relatively young, in
good health, has a Bachelor's degree and could return to full-
time employment given that the child in her custody was 18 years
old and attending college, yet she had made no effort to secure
employment throughout the six-year period during which this
divorce action was pending.  Moreover, the husband had been

paying the mortgage and carrying costs on the marital residence – which the wife was occupying – during the pendency of this action, and the wife stands to receive substantial sums from the equitable distribution award, including roughly $200,000 from the sale of the marital residence, $900,000 for her share in the husband's business and nearly $140,000 for her portion of the remaining marital assets.  Given Supreme Court's consideration of the relevant factors and mindful that the primary purpose of maintenance "is to encourage rehabilitation and self-sufficiency to the extent possible, while still accounting for a large discrepancy in earning power between the parties" (Quinn v Quinn, 61 AD3d 1067, 1071 [2009] [internal quotation marks and citations omitted]; accord Schwalb v Schwalb, 50 AD3d 1206, 1210 [2008]), we perceive no abuse of discretion in the court's award of $96,000 in annual maintenance for a five-year period (see Macaluso v Macaluso, ___ AD3d ___, ___, 2016 NY Slip Op 08418, *2 [2016]; Doscher v Doscher, 137 AD3d 962, 963-964 [2016], lv denied 27 NY3d 912 [2016]; Musacchio v Musacchio, 107 AD3d 1326, 1331 [2013]; Quinn v Quinn, 61 AD3d at 1071; Milnarik v Milnarik, 23 AD3d 960, 962 [2005]).

Next, we find no error in Supreme Court's calculation of the husband's child support obligation.  The court applied the statutory percentage for one child (the older daughter in the wife's custody) to the first $141,000 of combined parental income, 100% of which was attributable to the husband, resulting in a monthly obligation of $1,997.50.  Because the combined parental income of $415,000 exceeded the then-applicable statutory cap, Supreme Court was required to determine what amount, if any, of that excess income would be designated as part of the child support obligation by considering the statutory percentage and/or the factors set forth in Domestic Relations Law § 240 (1-b) (f) (see Domestic Relations Law § 240 [1-b] [b] [3]; [c] [3]; [f]; Holterman v Holterman, 3 NY3d 1, 10-12 [2004]; Vantine v Vantine, 125 AD3d 1259, 1262 [2015]; Sadaghiani v Ghayoori, 97 AD3d 1013, 1013-1014 [2012]; Smith v Smith, 1 AD3d 870, 872 [2003]).  Supreme Court listed several factors it considered before finding that none of the combined income over the statutory cap should be considered in calculating the husband's child support obligation with respect to the older daughter, including, most notably, that the husband is paying all

of the expenses of the younger daughter in his custody, having waived child support from the wife for this child.  Also bearing on the court's determination was the fact that the older child was enrolled in college and had access to a college savings account containing nearly $85,000, and that the husband had agreed to pay any remaining costs associated with the children's attendance at a four-year university and remained responsible for 100% of the children's insurance coverage as well as any outstanding medical, dental and optical expenses.  Considering all of the facts and circumstances, including the substantial assets available to the wife through the distributive award (see Holterman v Holterman, 3 NY3d at 14; Carman v Carman, 22 AD3d 1004, 1006 [2005]), we cannot say that Supreme Court abused its considerable discretion in determining that an award of child support on the amount of income over the statutory cap was not warranted (see Weitzner v Weitzner, 120 AD3d 1406, 1407-1408 [2014]; Betro v Carbone, 24 AD3d 1322, 1323-1324 [2005]; compare Hymowitz v Hymowitz, 119 AD3d 736, 743 [2014]).

The wife further challenges Supreme Court's decision to give the husband credits representing the amount of the pendente lite maintenance and child support payments he made.  Pursuant to Domestic Relations Law § 236 (B) (former [6]) (a) and (7) (a), in effect at the time of the commencement of the action, an award of maintenance and child support is effective as of the date of the application therefor, and retroactive amounts of maintenance and support shall be paid, as the court directs, "taking into account any amount of temporary maintenance [or child support] which has been paid" (see Burns v Burns, 84 NY2d 369, 377 [1994]; McKay v Groesbeck, 117 AD3d 810, 811 [2014]; Verdrager v Verdrager, 230 AD2d 786, 788 [1996]).  "These provisions require a court to provide for retroactive payments of permanent maintenance and support only where the award is in excess of any temporary maintenance and support award, however, and do not require the granting of credits for past overpayments of temporary maintenance and support" (Foxx v Foxx, 114 AD2d 605, 607 [1985] [citations omitted]; see Vicinanzo v Vicinanzo, 210 AD2d 863, 864 [1994]; Rodgers v Rodgers, 98 AD2d 386, 389-390 [1983], appeal dismissed 62 NY2d 646 [1984]).

Here, the permanent order of maintenance retroactively set a higher rate than that paid by the husband during the pendency of the action, thereby creating an immediate arrearage and entitling him to a credit for such past payments (see Foxx v Foxx, 114 AD2d at 607). With respect to child support, however, the converse is true; the temporary support payments already made by the husband pursuant to the pendente lite order exceeded the retroactive support obligation set forth by Supreme Court. Absent any statutory authority for recoupment of overpayments of child support and given the "'strong public policy against restitution or recoupment of [such] overpayments'" (Johnson v Chapin, 12 NY3d 461, 466 [2009], quoting Baraby v Baraby, 250 AD2d 201, 205 [1998]; see Matter of Apjohn v Lubinski, 114 AD3d 1061, 1064 [2014], lv denied 23 NY3d 902 [2014]), we conclude that Supreme Court erred in crediting the husband for the temporary child support payments that he made in excess of what he was required to pay under the final child support award (see Baraby v Baraby, 250 AD2d at 205; Stempler v Stempler, 143 AD2d 410, 413 [1988], lv dismissed 74 NY2d 715 [1989], lv denied 75 NY2d 709 [1990]).

As to the equitable distribution award, while the wife does not take issue with Supreme Court's decision to distribute 30% of the value of the husband's interest in the business, she claims that the court improvidently exercised its discretion by ordering that sum to be paid in yearly installments without interest. It is settled that "the manner in which a distributive award is to be paid is discretionary" (Smith v Smith, 17 AD3d 959, 960 [2005]; accord Mairs v Mairs, 61 AD3d 1204, 1208 [2009]; see Unger-Matusik v Matusik, 276 AD2d 936, 938 [2000]). Considering the amount of the award and the nonliquidity of the husband's interest, and recognizing that the $900,000 is free of tax consequences to the wife, we find that permitting the husband to pay the wife over a six-year period without interest was an appropriate exercise of the court's discretion (see Dewitt v Sheiness, 42 AD3d 776, 778 [2007]; Basile v Basile, 199 AD2d 649, 652 [1993]).

We now turn to Supreme Court's order concerning the sale of the marital residence. In light of the custodial status and age of the children, as well as the absence of any proof that the

wife could afford to maintain the marital residence if awarded exclusive use and possession, it was not inappropriate for Supreme Court to direct that it be sold (see Bernard v Bernard, 126 AD3d 658, 659 [2015]; Carney v Carney, 202 AD2d 907, 910 [1994]; Church v Church, 169 AD2d 851, 853 [1991]; Tanner v Tanner, 107 AD2d 980, 982 [1985]).  While Supreme Court's decision declined to permit the wife a "buy-back option" in an amount less than the appraised value of the marital residence, nothing in the decision or judgment of divorce precludes her from purchasing the husband's interest in the home or making an offer to purchase the home for an amount less than the listing price. Nor can we conclude, under the particular circumstances presented herein, that Supreme Court abused its discretion in ordering that the home be sold at a public auction in the event that it remained on the market for six months (see Domestic Relations Law § 234; Hickland v Hickland, 79 AD2d 736, 736-737 [1980]).[1]

Briefly addressing the parties' credit card debt, inasmuch as the wife represented to Supreme Court in her statement of proposed disposition that such debt was a marital liability, she cannot now be heard to complain that the court erred in treating it as such (see Robinson v Robinson, 133 AD3d at 1190).  In any event, the record reflects that the debt, which accrued during the marriage, was not incurred for the husband's exclusive benefit or in pursuit of his separate interests (see Funaro v Funaro, 141 AD3d 893, 897 [2016]; Wagner v Wagner, 136 AD3d 1335, 1336 [2016]; McKeever v McKeever, 8 AD3d 702, 702-703 [2004]). The wife's vehicle, acquired during the marriage and listed as a marital asset in her statement of proposed disposition, likewise constituted marital property subject to equitable distribution (see Domestic Relations Law § 236 [B] [1] [c]; Robinson v Robinson, 133 AD3d at 1190).  The husband's boat, on the other hand, was his separate property inasmuch as it was acquired subsequent to the commencement of this action.

---

[1]  We similarly note that Supreme Court's decision and judgment in no way prohibit the wife — or the husband — from ultimately purchasing the home in the event that it is put up for sale at public auction.

As for the parties' furnishings, Supreme Court ordered that those located at the marital residence be divided equally between the parties, but failed to account for certain items of property that were removed from the marital residence by the husband following the parties' separation. The value of such furnishings, like those located at the marital residence, should be divided equally amongst the parties.

Supreme Court directed that any balance remaining in the children's college savings accounts when they attain the age of 30 revert to the parties themselves, despite the parties' stipulation at trial that any such balance would be divided equally between the children. Inasmuch as Supreme Court provided no reason for its decision to deviate from the parties' stipulated disposition, and both the husband and the wife agree that the court should not have done so, we will modify the judgment accordingly.

Finally, considering "the financial circumstances of both parties together with all the other circumstances of the case" (Johnson v Chapin, 12 NY3d at 467 [internal quotation marks and citations omitted]; see Domestic Relations Law § 237 [a]), we find that Supreme Court providently exercised its discretion in limiting the husband's contribution towards the wife's counsel fees to $200,000 (see Murphy v Murphy, 125 AD3d 1265, 1267 [2015]; Ansour v Ansour, 61 AD3d 536, 537 [2009]; Matter of Yarinsky v Yarinsky, 36 AD3d 1135, 1141 [2007]).

The wife's remaining contentions are either not properly before us or have been examined and found to be without merit.

McCarthy, Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as (1) awarded plaintiff a credit for child support overpayments and (2) directed that any balance remaining in the children's college savings accounts, when the children attain the age of 30, be divided equally between plaintiff and defendant; award defendant a refund of $53,495 in child support, resulting in an increase of her distributive award payable upon the sale of the marital residence, direct that any balance remaining in the children's college savings accounts, when the children attain the age of 30, be divided equally between the children, direct that any furnishings removed from the marital residence by plaintiff be divided equally between plaintiff and defendant and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court