McCarthy, J.
Appeal from an order of the Supreme Court (Ames, J.), entered November 16, 2015 in Tompkins County, which, among other things, granted plaintiff’s motion to access his share of equitable distribution.
Pursuant to a September 2015 judgment, plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were granted a divorce. Among other things, Supreme Court divided the parties’ investment accounts equally, and that division was not disturbed on a subsequent appeal (145 AD3d 1367 [2016]). In October 2015, the husband sought an order from the court granting him access to his share of those accounts without violating any liens on the wife’s share. On October 29, 2015, the court issued an order to show cause providing the parties an opportunity to be heard as to “why an order should not be made herein allowing [the husband] to access his one-half share of each of the [investment] accounts.” Richard Alderman, prior counsel for the wife, filed an affirmation stating no opposition to the husband’s motion, but noting that he had previously moved for a charging lien against the wife’s share of equitable distribution and requesting that the wife be restrained from accessing her portion of a particular account (hereinafter the account) prior to the determination on his outstanding motion as to the charging lien. Susan Kirby, also prior counsel for the wife, filed an affirmation requesting that her lien on the wife’s proceeds be satisfied when the investment accounts were divided but stating no opposition to the husband’s motion. Thereafter, the court granted the husband’s motion and restrained the wife’s access to the account until further court order. The wife appeals.
Contrary to the wife’s contention, the husband did not have to show a change in circumstances in order to invoke Supreme Court’s power to entertain his motion regarding enforcement of *1338 the prior judgment (see Lundon v Lundon, 120 AD3d 1395, 1397-1398 [2014]; compare Matter of Jeffers v Jeffers, 133 AD3d 1139, 1139-1140 [2015]). Moreover, enforcement in this context is a continuation of the matrimonial action (see generally Holloway v Holloway, 35 AD3d 1126, 1128 [2006]) and, here, the underlying judgment of divorce also explicitly provided that the court retained jurisdiction to enforce provisions of the judgment (see generally NY Const, art VI, § 7 [a]; Gunsburg v Gunsburg, 173 AD2d 232, 232 [1991]). Next, given the wife’s refusal to supply Supreme Court with the “sensitive evidence” that she alleged warranted the judge’s recusal, we find no abuse of discretion in the court’s determination that recusal was not warranted (see Shields v Carbone, 99 AD3d 1100, 1102-1103 [2012]). Further, given the wife’s opportunity to review the motion and be heard on it, and considering that there were no material facts in dispute, Supreme Court did not err in resolving the motion without holding a formal hearing (see Neroni v Follender, 137 AD3d 1336, 1339 [2016], appeal dismissed 27 NY3d 1147 [2016]; First Deposit Natl. Bank v Van Allen, 277 AD2d 858, 861 [2000]; Grasso v Mathew, 187 AD2d 758, 758 [1992]).
Turning to the portion of the order that restrained the wife’s access to the account, the wife argues that Supreme Court erred both because Alderman did not submit a retainer agreement and because he was required to initiate a separate action related to any charging lien. Neither argument has merit. Initially, the wife never contended that Supreme Court could not act in the absence of Alderman’s submission of a retainer agreement, thereby failing to preserve the argument for our review (see Goodnow Flow Assn. Inc. v Graves, 135 AD3d 1228, 1229 n 2 [2016]). In any event, the wife conceded that Aider-man had represented her in the action. Moreover, a valid charging lien is an “equitable ownership interest in [a] client’s cause of action” (Chadbourne & Parke, LLP v AB Recur Finans, 18 AD3d 222, 223 [2005]) and can properly be pursued by way of motion within the action to which the alleged lien pertains (see Judiciary Law § 475; Haser v Haser, 271 AD2d 253, 255 [2000]; Butler, Fitzgerald & Potter v Gelmin, 235 AD2d 218, 219 [1997]; Miller v Kassatly, 216 AD2d 260, 261 [1995]). The wife’s remaining contentions are also without merit.
Peters, P.J., Egan Jr. and Rose, JJ., concur.
Ordered that the order is affirmed, without costs.