■ ROBERT R. SPROLE III, Respondent, v LINDA S. SPROLE, Appellant. HARLAN B. GINGOLD, Respondent. [54 NYS3d 339]—

Garry, J.P. Appeal from an order of the Supreme Court (Ames, J.), entered January 4, 2016 in Tompkins County, which, among other things, granted Harlan B. Gingold's motion for a money judgment against defendant.

In September 2015, plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were granted a divorce. Harlan B. Gingold had represented the wife in the divorce action from May 2010 until he withdrew as counsel in June 2010. In October 2010, Gingold moved for a charging lien, which was granted in the amount of $2,394.97 against the proceeds obtained by the wife in the divorce action. Following the divorce, Gingold moved for a money judgment on the charging lien, and the wife cross-moved to dismiss Gingold's motion. In January 2016, Supreme Court granted Gingold's motion for a judgment in the amount previously determined plus interest. The wife appeals.

Initially, we find no merit in the wife's arguments that Supreme Court lacked jurisdiction and erred by failing to hold a formal hearing. The justice presiding over the divorce action and Gingold's motion was an Acting Supreme Court Justice (see NY Const, art VI, § 26 [c]), and Supreme Court expressly retained jurisdiction in the judgment of divorce over all future matters concerning the underlying equitable distribution and divorce (see NY Const, art VI, § 7 [a]). Further, the court did not err by resolving the motions without a formal hearing, as there was no dispute as to the material facts and the wife was provided an opportunity to review the motion and to be heard on it—as evidenced by her cross motion and the court's order that addressed each of her arguments (see Sprole v Sprole, 148 AD3d 1337, 1338 [2017]; Neroni v Follender, 137 AD3d 1336, 1339 [2016], appeal dismissed 27 NY3d 1147 [2016]).

Similarly, the record does not support the wife's contention that Supreme Court erred by failing to recuse itself. There was no showing of grounds for legal disqualification (see Judiciary Law § 14). Accordingly, the request was addressed to the court's discretion. Such a determination will not be disturbed absent a showing of an abuse of that discretion (see Shields v Carbone, 99 AD3d 1100, 1102 [2012]; Matter of Albany County Dept. of Social Servs. v Rossi, 62 AD3d 1049, 1050 [2009]). Here, the

wife's new counsel, Gingold's immediate successor, had represented the daughter of the court attorney in an unrelated matter. Upon the husband's request, the court attorney was removed from working on the underlying action, and only resumed work when the wife later retained different counsel. Significantly, the wife never objected to the return of the court attorney and fails to demonstrate any prejudice resulting therefrom. Further, contrary to the wife's allegations, a court's unfavorable ruling fails to establish an abuse of discretion (*see Mokay v Mokay*, 124 AD3d 1097, 1099 [2015]; *Gonzalez v L'Oreal USA, Inc.*, 92 AD3d 1158, 1160 [2012], *lv dismissed* 19 NY3d 874 [2012]). Under the circumstances, we find no abuse of discretion in the court's determination that recusal was unwarranted (*see Mokay v Mokay*, 67 AD3d 1210, 1213 [2009]; *Matter of Albany County Dept. of Social Servs. v Rossi*, 62 AD3d at 1050).

Next, the wife argues that Supreme Court erred in denying her cross motion for dismissal on the basis that Gingold improperly commenced the action by motion, failed to notarize his support affirmation and provided improper service of process. A charging lien is a creature of statute and provides an attorney compensation for his or her unpaid services, where applicable, by way of an "equitable ownership interest in a client's cause of action" (*Sprole v Sprole*, 148 AD3d at 1338 [internal quotation marks, brackets and citation omitted]; *see* Judiciary Law § 475). The amount of the charging lien may be determined prior to the outcome of the underlying action (*see Jaffe v Brown-Jaffe*, 98 AD3d 898, 899 [2012]; *Butler, Fitzgerald & Potter v Gelmin*, 235 AD2d 218, 219 [1997]). Contrary to the wife's assertions, enforcement of a charging lien is properly pursued by way of motion within the action to which it pertains (*see Sprole v Sprole*, 148 AD3d at 1338; *Wasserman v Wasserman*, 119 AD3d 932, 934 [2014]; *Dymond v Dunn*, 148 AD2d 56, 58 [1989]). The wife's contention that the 2016 order is duplicative of the 2010 order is similarly without merit; the 2016 order merely issues a money judgment based on the charging lien and sum that had already been granted to Gingold in the 2010 order. Further, Gingold was not required to notarize the affirmation in support of his motion as he is an attorney admitted to practice in this state and affirmed that his statements therein were "true under the penalties of perjury" (CPLR 2106 [a]). As to service of process, an affidavit of mailing in the record demonstrates that the wife was properly served (*see* CPLR 2103 [b] [2]; [c]; *Neroni v Follender*, 137 AD3d at 1337).

The wife's arguments regarding Gingold's entitlement to a

charging lien, the amount owed and her right to arbitration are all related to the prior 2010 order. As no appeal was taken from that order, these issues are not properly before us (*see Matter of Weichert v New York State Div. of Human Rights*, 73 AD3d 1452, 1453 [2010]; *Ryan v Ryan*, 75 AD2d 1000, 1001 [1980], *lvs dismissed* 51 NY2d 709, 1008 [1980]). In any event, the record reflects that the wife did not dispute Gingold's entitlement to a charging lien at that time, and her arguments regarding the balance owed were addressed by Supreme Court when it determined the amount of the charging lien.

The wife's remaining contentions are either unpreserved or lack merit.

Lynch, Rose and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.