■ ROBERT R. SPROLE III, Respondent, v LINDA S. SPROLE, Appellant. RICHARD B. ALDERMAN, Respondent. [58 NYS3d 646]—

Lynch, J. Appeals from three orders of the Supreme Court (Ames, J.), entered January 4, 2016, March 7, 2016 and March 22, 2016 in Tompkins County, which, among other things, denied defendant's cross motion to dismiss Richard B. Alderman's motion for a charging lien.

This matrimonial action has been before the Court on several prior occasions (*see* 148 AD3d 1337 [2017]; 145 AD3d 1367 [2016]). After a judgment of divorce was granted in September 2015, Richard B. Alderman, who represented defendant (hereinafter the wife) in the divorce action from September 2011 until his discharge on June 10, 2015, moved to secure a charging lien. The wife cross-moved to dismiss the application. In a January 2016 order, Supreme Court rejected the wife's cross motion but allotted her additional time to detail any objections

to the billings. Following further submissions, by order entered March 7, 2016, the court rejected the wife's challenges to Alderman's billings before his discharge, but found that she was entitled to a hearing on the post-discharge billings. Alderman then withdrew his claim for any post-discharge billings. The court, in turn, found that a hearing was unnecessary and, by order entered March 22, 2016, granted Alderman's request for a charging lien in the principal sum of $52,173.43. The court directed that the award was enforceable against the wife's equitable distribution award and ordered that a $2,200 check that plaintiff had issued to the wife as her share of credit card points be reissued by plaintiff to Alderman. The wife appeals all three orders.[1]

Initially, for the reasons set forth in our companion decision, we reject the wife's contentions that the court lacked jurisdiction and should have recused itself (*Sprole v Sprole*, 151 AD3d 1413 [2017] [decided herewith]). We similarly conclude that Alderman was entitled to assert a charging lien (*id.*).

The wife maintains that she discharged Alderman for cause and that Supreme Court erred in disregarding evidence of what she describes as "misconduct, negligence, fraud, civil distortion and crimes." When discharged "for cause," an "attorney has no right to compensation or to a retaining lien" (*Teichner v W & J Holsteins*, 64 NY2d 977, 979 [1985]). "A 'for cause' termination must be based on more than a client's general dissatisfaction with the attorney's performance and typically involves a significant breach of legal duty such that the client can establish that the attorney's conduct constituted a failure to properly represent the client's interests" (*Doviak v Lowe's Home Ctrs., Inc.*, 134 AD3d 1324, 1326 [2015] [internal quotation marks, brackets and citations omitted], *lv denied* 27 NY3d 904 [2016]). Upon our review, we find the wife's argument without merit.

To begin, it is worth noting that the wife's June 10, 2015 note discharging Alderman makes no claim of misconduct, explains that his representation is no longer needed because the case is "now closed" and concludes by thanking him for his services. Focusing on the fact that her retainer agreement was signed by David Tamber, an attorney in the law firm of Alderman and Alderman, the wife contends that Alderman lacked

---

1. Although the right to appeal the two nonfinal orders terminated upon the entry of the final order entered March 22, 2016, the appeal from said final order brings up for review the issues raised in the appeals from the nonfinal orders (*see Jackson v State of New York*, 94 AD3d 1166, 1167 n 1 [2012]).

authority to assert a retaining lien against the file and goes so far as to characterize Alderman's conduct as fraudulent. Recognizing that the wife is proceeding pro se, we nonetheless must characterize such accusations as unwarranted. The wife signed a retainer agreement with the law firm of Alderman and Alderman, which identified Alderman as a member of the firm and detailed his fee rates. There is no real dispute that Alderman appeared as counsel on the wife's behalf and, as such, he was entitled to assert a retaining lien on the file after his discharge (see *D'Ambrosio v Racanelli*, 129 AD3d 900, 901 [2015]). Further, having moved within this action to secure a charging lien pursuant to Judiciary Law § 475, Alderman was not bound by the arbitration notice provisions of 22 NYCRR 137.6 (b).[2] Nor is there any indication on the record that the wife disputed the reasonableness of Alderman's fees before he applied for a charging lien. While the wife complains that Alderman withdrew an appeal of a temporary custody order, the final order of custody was affirmed on appeal. We find the wife's remaining "for cause" contentions unpersuasive.

The wife further contends that Supreme Court erred in failing to conduct a hearing on Alderman's application. We disagree. In her initial opposition papers, the wife generically characterized the charges as excessive and unreasonable. The court then allotted the wife additional time to present more specifics as to her claim. She did so, listing charges for various categories of work, but she failed to provide any explanation as to why the charges were unreasonable or excessive. Nor is there any record basis for the wife's claim that Alderman charged a 40% interest rate for overdue payments. To the contrary, the retainer agreement allowed Alderman to impose a 1% monthly late charge on the unpaid balance of her account. The record also shows that periodic invoices were provided throughout Alderman's representation, with no objections raised by the wife. As such, we perceive no error in the court deciding the application without a formal evidentiary hearing (see 148 AD3d at 1338; *Neroni v Follender*, 137 AD3d 1336, 1339 [2016], *appeal dismissed* 27 NY3d 1147 [2016]; *Roe v Roe*, 117 AD3d 1217, 1218 [2014]; *Williams v Williams*, 99 AD3d 1094, 1097 [2012]). Finally, to the extent that the wife has raised specific challenges to Alderman's services for the first time on appeal, such challenges are not properly preserved for our review.

---

**2.** We note that the fee dispute program set forth in 22 NYCRR part 137 does not apply to disputes for more than $50,000 (*see* 22 NYCRR 137.1 [b] [2]).

Garry, J.P., Rose and Aarons, JJ., concur. Ordered that the appeals from the orders entered January 4, 2016 and March 7, 2016 are dismissed, without costs.

Ordered that the order entered March 22, 2016 is affirmed, without costs.