Robert R. Sprole III, Respondent, v Linda S. Sprole, Appellant, and Richard B. Alderman et al., Respondents. [60 NYS3d 545]—

Clark, J. Appeal from an order of the Supreme Court (Ames, J.), entered March 10, 2016 in Tompkins County, which denied defendant Linda S. Sprole's motion to dismiss the complaint.

Pursuant to the terms of their September 2015 judgment of divorce, plaintiff was required to pay defendant Linda S. Sprole, his former spouse, $60,000 on January 1, 2016 as part of her equitable distribution award (*see Sprole v Sprole*, 145 AD3d 1367, 1368 [2016]). After the judgment of divorce was granted, defendant Richard B. Alderman, one of Sprole's former attorneys, moved on behalf of the firm of Alderman and Alderman to secure a charging lien against Sprole in the amount of $53,937.98 (*see* Judiciary Law § 475) and served plaintiff with a notice of lien, indicating that any and all payments made by plaintiff to Sprole would be subject to the charging lien.[1] In December 2015, roughly two weeks prior to the January 1, 2016 payment deadline, plaintiff commenced the instant interpleader action against Sprole and four of her prior attorneys in the divorce action—Alderman and defendants Harlan Gingold, Susan Kirby and Michael Sinicki (hereinafter collectively referred to as the attorney defendants)—alleging that each of the attorney defendants claimed or purported to claim an interest in the $60,000 sum owed to Sprole, by way of a charging lien or judgment, and seeking to have Supreme Court determine the proper distribution of the $60,000 payment.

Kirby answered, stating that she had been awarded a charging lien in the amount of $8,858.42 in December 2011, upon which she subsequently secured a judgment, and requesting that the amount of her lien, plus interest, be satisfied from the $60,000 equitable distribution payment owed to Sprole. In lieu of answering, Sprole moved to dismiss the complaint on various grounds, including failure to state a claim and failure to join a necessary party. Plaintiff and Kirby opposed the motion,

---

1. Alderman's motion remained pending before Supreme Court at the time that the order underlying the instant appeal was entered. However, Supreme Court subsequently granted Alderman a charging lien in the amount of $52,173.43, and this Court recently upheld Supreme Court's order on appeal (*Sprole v Sprole*, 151 AD3d 1405, 1406 [2017]).

and Gingold and Sinicki responded to both the complaint and the motion to dismiss by letter. Specifically, Gingold stated that Supreme Court had awarded him a money judgment on a charging lien that he had secured against Sprole in the amount of $2,394.97, plus interest, and that the court had directed that the amount of the judgment could be deducted from any equitable distribution payments made to Sprole.[2] Sinicki advised the court that, although Sprole had an outstanding account balance with his firm, the firm never sought a lien or judgment against her and, therefore, took no position in this action.[3] Supreme Court denied Sprole's motion to dismiss, and Sprole appeals.

We affirm. A stakeholder, that is, "a person who is or may be exposed to multiple liability as the result of adverse claims," may commence an interpleader action against two or more people "who ha[ve] made or may be expected to make" an adverse claim against him or her (CPLR 1006 [a]; *see generally Shields v Carbone*, 99 AD3d 1055, 1056 [2012]; *Merrimack Mut. Fire Ins. Co. v Moore*, 91 AD2d 759, 760 [1982]). Where an attorney has a charging lien pursuant to Judiciary Law § 475, he or she has "an equitable ownership interest in the client's cause of action" (*LMWT Realty Corp. v Davis Agency*, 85 NY2d 462, 467 [1995]; *see Sprole v Sprole*, 148 AD3d 1337, 1338 [2017]), "which attaches to a . . . judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come" (Judiciary Law § 475). Such charging lien may be properly enforced against the client's adversary if he or she "either still possesses the proceeds [owed to the client] or . . . has knowingly paid the proceeds to the client so as to deprive the attorney of an earned fee" (*Kaplan v Reuss*, 113 AD2d 184, 186-187 [1985] [citations omitted], *affd* 68 NY2d 693 [1986]; *see Haser v Haser*, 271 AD2d 253, 255 [2000]).

In his complaint, plaintiff alleged a good faith belief that the attorney defendants had each claimed some interest in Sprole's equitable distribution award and stated that, because he was unaware of the respective rights of the attorney defendants, he could not determine how to distribute the $60,000 equitable distribution payment "without hazard to himself." Given that plaintiff could have been exposed to liability if he, having

---

**2.** This Court recently affirmed Supreme Court's order granting Gingold a money judgment against Sprole (*Sprole v Sprole*, 151 AD3d 1413, 1414-1415 [2017]).

**3.** It is unclear whether Sinicki, who did not submit a brief on appeal, remains a party to the action.

knowledge of the attorney defendants' claims or potential claims, paid the $60,000 sum to Sprole on January 1, 2016 (*see* Judiciary Law § 475; *Kaplan v Reuss*, 113 AD2d at 186-187), plaintiff properly commenced this interpleader action, and it is not, as Sprole asserts, frivolous. Nor did plaintiff commit grand larceny in the second degree by commencing this interpleader action and depositing the disputed $60,000 sum into an escrow account—held by his counsel—pending disposition of the action (*see generally Finn v Church for the Art of Living, Inc.*, 90 AD3d 826, 827-828 [2011]).

Sprole also argues that Supreme Court should have dismissed the complaint because plaintiff failed to join David Tamber, rather than Alderman, as a necessary party to this action (*see* CPLR 3211 [a] [10]). Sprole asserts that Tamber, not Alderman, was her retained counsel because the retainer agreement that she entered into with the law firm of Alderman and Alderman was signed by Tamber. However, as this Court recently observed (*Sprole v Sprole*, 151 AD3d at 1407), the retainer agreement was between Sprole and the law firm, identified Alderman as a member of the law firm and detailed Alderman's fee rates. Moreover, it is undisputed that Alderman appeared as counsel on Sprole's behalf in the divorce action (*Sprole v Sprole*, 148 AD3d at 1338). As such, Supreme Court properly concluded that Tamber was not a necessary party to this action (*see generally* CPLR 1001 [a]).

Sprole further asserts that Supreme Court erred in determining the distribution of the $60,000 without first conducting a hearing. Initially, Sprole appears to be under the mistaken impression that Supreme Court has decided the merits of this interpleader action. It has not; rather, Supreme Court has merely denied her pre-answer motion to dismiss the complaint, thereby permitting this action to go forward. In any event, to the extent that Sprole challenges the resolution of her motion to dismiss without a hearing, Sprole made such motion "on submission" (*see* 22 NYCRR 208.11 [b] [3]), and she had a full and fair opportunity to submit an affidavit and reply affidavit in support of her motion, each accompanied by numerous exhibits. Neither Sprole's submissions nor the submissions of the opposing parties raised any material issues of fact as to any of the grounds for dismissal asserted by Sprole. Accordingly, Supreme Court did not err in resolving Sprole's motion to dismiss without a hearing (*see Omahen v Omahen*, 309 AD2d 1019, 1020 [2003]; *see generally* CPLR 2218).

Sprole's remaining arguments are either not properly before us, as they arise out of orders from which she did not appeal or

orders that this Court has previously reviewed (*see e.g. Sprole v Sprole*, 151 AD3d at 1405-1406; *Sprole v Sprole*, 151 AD3d at 1414-1415), or they have been examined and found to be lacking in merit. Accordingly, we affirm Supreme Court's order denying Sprole's motion to dismiss the complaint.

Egan Jr., J.P., Lynch and Devine, JJ., concur. Ordered that the order is affirmed, without costs.