Pritzker, J.
 

 Appeals (1) from an order of the Supreme Court (Ames, J.), entered April 29, 2016 in Tompkins County, which awarded defendant a share of plaintiff’s marital interest in a 401 (k) account pursuant to a qualified domestic relations order, and (2) from an order of said court, entered April 29, 2016 in Tompkins County, which awarded defendant a share of plaintiff’s marital interest in a retirement trust account pursuant to a qualified domestic relations order.
 

 Pursuant to a September 2015 judgment, plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were granted a divorce. Supreme Court ordered “that the marital portion of [the husband’s] Therm, Inc. 401 (k) account and [his] interest in the Therm, Inc. Employee Retirement Trust will be divided equally between [the husband] and [the wife] by [d]o-mestic [Relations [o]rder and [q]ualified [d]omestic [Relations [o]rder [hereinafter QDRO], and said [o]rders will he prepared and filed by the attorney for [the wife].” Through a letter dated April 26, 2016, the husband submitted a proposed QDRO as to the 401 (k) account and another proposed QDRO as to the retirement trust account for the court to sign. On April 29, 2016, the court signed both QDROs. The wife appeals.
 

 “No appeal lies as of right from a qualified domestic relations order that merely implements those portions of the judgment of divorce awarding one spouse an interest in the marital portion of the other spouse’s retirement pension” (Bernstein v Bernstein, 18 AD3d 683, 683-684 [2005]; see Smith v Smith, 59 AD3d 905, 906 n [2009]). In the judgment of divorce, Supreme Court specifically ordered “that the marital portion of [the husband’s 401 (k) account] and [his] interest in the [retirement trust account] will be divided equally between [the husband] and [the wife] by . . . [QDROs].” Such decree reflects the parties’ stipulation during the trial that the wife would receive half of the marital portions of both accounts and that the marital portions would be calculated according to the Majauskas formula. Further, the parties stipulated that the marital portion of the 401 (k) account was $118,514.42, and the QDRO awarded the wife $59,257.21, which is 50% of that sum. Notably, the wife does not challenge the sum that she was awarded, and the arguments she raises as to the substance of the QDRO are meritless. Under these circumstances, where the QDRO pertaining to the 401 (k) account merely implemented the parties’ stipulation, the wife’s appeal from this QDRO must be dismissed (see Bernstein v Bernstein, 18 AD3d at 684). Finally, while the wife claims that she was deprived notice to object to the QDRO, since it merely implemented the stipulation within the divorce, there was no prejudice and the wife is not an aggrieved party (see CPLR 5511; Weissman v Weissman, 99 NY2d 638, 638 [2003]).
 

 The wife similarly argues that the husband improperly filed a proposed QDRO pertaining to the retirement trust account. Although this QDRO states that the wife is entitled to a 20.5% interest in the entire account, it does not explain how that figure was reached. While the record reflects the date of the parties’ marriage and the date the husband commenced the divorce action, it is devoid of the dates on which the husband entered the retirement trust account and the last date benefits were earned from the retirement trust account. Therefore, as the record sufficiently reflects the pertinent issue—the lack of proof to determine the relevant dates caused, in part, by the lack of notice to the wife—this Court will treat the wife’s notice of appeal from this QDRO as an application for leave to appeal and grant the application (see Wojtaszek v Wojtaszek, 64 AD3d 1035, 1036 [2009]; Lavin v Lavin, 263 AD2d 932, 932-933 [1999]; see also Zebrowski v Zebrowski, 28 AD3d 883, 884 [2006]). Unlike the QDRO pertaining to the 401 (k) account, where the wife’s lack of notice did not divest the record from information to ensure that the QDRO reflected the parties’ stipulation, the dates necessary to calculate the wife’s share of the retirement trust account are missing, and she was not given an opportunity to pose an objection to the sum reflected in the husband’s proposed QDRO pertaining to the retirement trust account. As such, we reverse this QDRO and remit this matter to Supreme Court to allow for evidence to be proffered as to the pertinent dates necessary to calculate the wife’s interest in the retirement trust account under the Majauskas formula (see Macaluso v Macaluso, 124 AD3d 959, 961 [2015]; Church v Church, 169 AD2d 851, 852 [1991]).
 

 Finally, contrary to the wife’s contention, Supreme Court properly and quite competently exercised its jurisdiction over this matter (see NY Const, art VI, § 7 [a]; 151 AD3d 1413 [2017]; 151 AD3d 1405 [2017]; 148 AD3d 1337 [2017]; see also Holloway v Holloway, 35 AD3d 1126, 1128 [2006]; Gunsburg v Gunsburg, 173 AD2d 232, 232 [1991]). The wife’s additional arguments lack merit.
 

 McCarthy, J.P., Lynch, Rose and Clark, JJ., concur.
 

 Ordered that the appeal from the order entered April 29, 2016 pertaining to defendant’s 401 (k) account is dismissed, without costs. Ordered that the order entered April 29, 2016 pertaining to defendant’s retirement trust account is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.