Carlson v Dorsey (2018 NY Slip Op 03399)





Carlson v Dorsey


2018 NY Slip Op 03399


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

523966

[*1]GEORGE F. CARLSON, Appellant- Respondent,
v
JAMES BAKER DORSEY JR., as Executor of the Estate of SUZANNE CARLSON, Deceased, Respondent- Appellant.

Calendar Date: March 30, 2018

Before: McCarthy, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


The Kassner Law Office, PC, Glenville (Mark A. Kassner of counsel), for appellant-respondent.
Donnellan & Knussman, PLLC, Ballston Spa (Sarah I. Wood of counsel), for respondent-appellant.


Mulvey, J.

MEMORANDUM AND ORDER
Cross appeal from an order of the Supreme Court (Crowell, J.), entered September 28, 2016 in Saratoga County, which, among other things, denied plaintiff's motion to vacate a qualified domestic relations order.
Suzanne Carlson and plaintiff were divorced in October 2014. Pursuant to an order that was incorporated, but not merged, into their judgment of divorce, Carlson was awarded her share of plaintiff's 401(k) account accumulated during his employment in accordance with the Majauskas formula (see
Majauskas v Majauskas, 61 NY2d 481 [1984]). The order further provided that a qualified domestic relations order (hereinafter QDRO) effectuating the distribution of the 401(k) account shall be provided to the court on the consent of plaintiff and Carlson. In December 2015, Carlson submitted a proposed QDRO pertaining to plaintiff's 401(k) account to Supreme Court, with copies to plaintiff, requesting approval in the event that plaintiff did not object within 10 days. Upon receiving no objection from plaintiff, the court signed the 401(k) QDRO on January 6, 2016. Carlson passed away one week later, on January 13, 2016, and the QDRO was subsequently entered on February 23, 2016.
Plaintiff thereafter sought, among other relief, an order vacating the 401(k) QDRO. By order to show cause and supporting papers, defendant, the executor of Carlson's estate, opposed the relief requested by plaintiff and sought, among other things, an award of counsel fees. Supreme Court denied plaintiff's application to vacate the 401(k) QDRO and partially granted defendant's application for counsel fees. Plaintiff appeals, and defendant cross-appeals on the issue of counsel fees.[FN1]
Supreme Court did not err in declining to vacate the 401(k) QDRO. CPLR 5015 permits a court to relieve a party from a judgment or order on the basis of, among other things, "fraud, misrepresentation, or other misconduct of an adverse party" (CPLR 5015 [a] [3]). "Courts are not limited to vacating a judgment [or order] pursuant to the enumerated grounds set forth in CPLR 5015 . . ., as they retain inherent discretionary power to vacate their own judgments [or orders] for sufficient reason and in the interests of substantial justice" (Borst v International Paper Co., 121 AD3d 1343, 1348-1349 [2014] [internal quotation marks and citations omitted]; accord Inwald Enters., LLC v Aloha Energy, 153 AD3d 1008, 1010 [2017]). An application "to vacate a prior judgment or order is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (Greene Major Holdings, LLC v Trailside at Hunter, LLC, 148 AD3d 1317, 1320 [2017] [internal quotation marks and citations omitted]; accord Luderowski v Sexton, 152 AD3d 918, 920 [2017]).
Here, plaintiff takes issue with the provision of the 401(k) QDRO that addresses the distribution of the benefits thereunder upon Carlson's death. Such provision provides, in pertinent part, that "[i]n the event of [Carlson's] death prior to [Carlson] receiving the full amount of benefits called for under this [o]rder, [Carlson's] estate shall receive . . . a single lump sum payment representing the remainder of any unpaid benefits." Contrary to plaintiff's contention, this provision of the 401(k) QDRO did not impermissibly modify, or provide rights more expansive than, the terms of the parties' judgment of divorce (see McCoy v Feinman, 99 NY2d 295, 304 [2002]). The clear, unambiguous and unconditional language of the August 2014 order equitably distributing the parties' marital property, which was incorporated into the judgment of divorce, awarded Carlson her Majauskas share of plaintiff's 401(k) account. Nothing in the underlying order provides for a reversion of any unpaid funds in the event of Carlson's death or otherwise suggests, as plaintiff seems to argue, that this was Supreme Court's intent in rendering the award. Nor is there any legal grounding for plaintiff's claim that any such unpaid 401(k) funds should revert back to him upon Carlson's death. Carlson's entitlement to a portion of plaintiff's 401(k) account was a property right created under the August 2014 order (see Domestic Relations Law § 236 [B] [5] [a]; Kraus v Kraus, 131 AD3d 94, 102-104 [2015]; Peek v Peek, 301 AD2d 201, 204-205 [2002], lv denied 100 NY2d 513 [2003]) and the 401(k) QDRO merely recognized such right (see 29 USC § 1056 [d] [3] [B] [i] [I]). Under these circumstances, we find that the 401(k) QDRO was not inconsistent with the provisions of the underlying order and judgment of divorce (see Sprole v Sprole, 155 AD3d 1345, 1345-1346 [2017], lv dismissed 30 NY3d 1032 [2017]; Dagliolo v Dagliolo, 91 AD3d 1260, 1261 [2012]; Smith v Smith, 59 AD3d 905, 906-907 [2009]; compare Coulon v Coulon, 82 AD3d 929, 929-930 [2011]; Berardi v Berardi, 54 AD3d 982, 985-986 [2008]; De Gaust v De Gaust, 237 AD2d 862, 863 [1997]).
Plaintiff's claim that he neither consented to nor had notice of the contested provision of the 401(k) QDRO is similarly unavailing. Even accepting as true plaintiff's assertion that he was on vacation when the proposed 401(k) QDRO was mailed to him, it is undisputed that the challenged provision was contained verbatim in two earlier, nearly identical drafts of the 401(k) QDRO — the first of which plaintiff admittedly received and reviewed approximately one year prior — and that neither plaintiff nor his counsel ever objected to such provision. Further, while plaintiff correctly points out that the 401(k) QDRO was not submitted to Supreme Court within the time frame set forth in the August 2014 order, the record reflects that plaintiff and Carlson charted a procedural course here that was distinct from that set forth in the order. Accordingly, plaintiff cannot now be heard to complain of this lack of strict compliance (see Cullen v Naples, 31 NY2d 818, 820 [1972]; Katz v Robinson Silverman Pearce Aronsohn & Berman, 277 AD2d 70, 73 [2000]). In any event, any inadequacies with regard to notice or the timeliness of the submission of the QDRO would not provide a basis for its vacatur (see Sprole v Sprole, 155 AD3d at 1346; Peek v Peek, 301 AD2d at 204).
Plaintiff's allegations of fraud and other misconduct on the part of Carlson are wholly unsupported by the record (see Matter of McLaughlin, 111 AD3d 1185, 1186 [2013]; Bank of N.Y. v Stradford, 55 AD3d 765, 765-766 [2008]; Aames Capital Corp. v Davidsohn, 24 AD3d 474, 475 [2005]). To the extent not specifically addressed herein, plaintiff's remaining claims are either unpreserved (see Matter of County of Albany [Bowles], 91 AD3d 1132, 1133 [2012]), cannot be reviewed because they are based on material outside of the record (see id.; Gagen v Kipany Prods., 289 AD2d 844, 845 [2001]) or are without merit.
McCarthy, J.P., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Inasmuch as defendant does not advance any argument in his brief with regard to the issue of counsel fees, his cross appeal is deemed abandoned (see JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d 1198, 1199 [2017]; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 141 AD3d 785, 787 n 4 [2016]).