Matter of Sprole v Sprole (2018 NY Slip Op 07998)





Matter of Sprole v Sprole


2018 NY Slip Op 07998


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

526289

[*1]In the Matter of LINDA S. SPROLE, Appellant,
v
ROBERT S. SPROLE III, Respondent.

Calendar Date: October 18, 2018

Before: Egan Jr., J.P., Clark, Aarons and Pritzker, JJ.


Linda S. Sprole, Ithaca, appellant pro se.
D.J. & J.A. Cirando, Esqs., Syracuse (John A. Cirando of counsel), for respondent.
Carman M. Garufi, Binghamton, attorney for the child.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order of the Family Court of Tompkins County (Cassidy, J.), entered May 16, 2017, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of two children (born in 1996 and 2005). The father commenced a divorce proceeding in 2009 and, following a preliminary stipulation between the parties and a protracted hearing on the issue of custody and visitation, the father was awarded sole legal and primary physical custody of, as relevant here, the younger child (hereinafter the child), with parenting time to the mother [FN1]. The mother thereafter appealed, and this Court affirmed, holding that there was a sound and substantial basis in the record to support the determination that the child's best interests were served by granting physical custody to the father.[FN2]
In February 2017, the mother commenced this proceeding to modify the prior custody order seeking, among other things, sole legal custody and primary physical custody of the child. At the initial appearance on the petition, Family Court permitted the father's responsive pleadings to serve as a motion to dismiss — which motion the attorney for the child joined — and provided the mother with an additional two weeks to provide a response thereto. Following receipt of the mother's responsive papers and the father's reply, Family Court granted the father's motion and dismissed the mother's petition without a hearing, determining, among other things, that the mother had failed to plead sufficient evidentiary facts demonstrating a change in circumstances to warrant a hearing on her petition. The mother now appeals and we affirm.
Initially, we reject the mother's contention that Family Court erred when it considered the father's responsive papers as a motion to dismiss the petition without requiring him to file a formal notice of motion. In response to the mother's petition, the father filed an answer wherein he sought, among other things, to dismiss the petition for failure to allege a change in circumstances. Upon then permitting the father's responsive pleading to serve as a notice of motion, Family Court provided the mother an additional two weeks to respond to same. Accordingly, the mother was clearly on notice of the father's argument alleging that she had failed to present adequate evidentiary proof to demonstrate the requisite change in circumstances and she subsequently availed herself of this opportunity to respond to said contention such that she was not prejudiced by the lack of a formal motion (see Matter of Charles AA. v Annie BB., 157 AD3d 1037, 1038 [2018]).
Nor do we find that Family Court erred when it subsequently dismissed the mother's petition to modify a prior order of custody without conducting a hearing. "A party seeking to modify an existing custodial arrangement is required to demonstrate, as a threshold, that there has been a change in circumstances since the prior . . . order to warrant a review of the issue of custody [and visitation]. Assuming that threshold is met, the [party] then must show that modification . . . is necessary to ensure the child's continued best interests" (Matter of Dorsey v De'Loache, 150 AD3d 1420, 1421 [2017] [internal quotation marks, brackets and citations omitted]; see Matter of Robert OO. v Sherrell PP., 143 AD3d 1083, 1084 [2016]). "While a petition filed by a pro se litigant should be construed liberally when considering whether it sufficiently alleges a change in circumstances" (Matter of Hall v Moore, 159 AD3d 1069, 1070-1071 [2018] [internal quotation marks, brackets and citation omitted]), a modification petition must nevertheless "allege facts which, if established, would afford a basis for relief and the party seeking such a modification must make a sufficient evidentiary showing in order to warrant a hearing" (Matter of William O. v John A., 148 AD3d 1258, 1259 [2017] [internal quotation marks and citations omitted], lv denied 29 NY3d 908 [2017]; see Matter of Hayes v Hayes, 128 AD3d 1284, 1285 [2015]). Importantly, "not every Family Ct Act article 6 petition is automatically entitled to an evidentiary hearing" (Matter of Jennifer B. v Mark WW., 159 AD3d 1087, 1088 [2018] [internal quotation marks and citation omitted]; Matter of Bjork v Bjork, 23 AD3d 784, 785 [2005], lv denied 6 NY3d 707 [2006]).
Although, the mother submitted voluminous documentation in support of her petition, largely all of the allegations that she asserts against the father relate to conduct that predates the 2013 custody order, was previously considered on the appeal from the judgment of divorce, which was affirmed on appeal, and/or was otherwise considered and determined in certain related orders, which have been previously reviewed and rejected on prior appeals (see e.g. Sprole v Sprole, 156 AD3d 1265 [2017]; Sprole v Sprole, 155 AD3d 1345 [2017], lv dismissed 30 NY3d 1032 [2017]; Sprole v Sprole, 152 AD3d 1094 [2017]; Sprole v Sprole, 151 AD3d 1405 [2017]; Sprole v Sprole, 151 AD3d 1413 [2017]; Sprole v Sprole, 148 AD3d 1337 [2017]; Sprole v Sprole, 145 AD3d 1367 [2016]). Thus, Family Court appropriately precluded the mother from relitigating these allegations against the father. To the extent that her remaining claims are properly before us, we have reviewed them and find them to be without merit.
Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The older child turned 18 prior to the mother filing the subject petition and, therefore, this appeal concerns only the younger child.

Footnote 2: Notably, since this Court's 2014 custody decision, the mother and the father have been back before this Court on seven other occasions with regard to issues involving, among other things, the distribution of marital property, maintenance, child support, access to documents and charging liens (see Sprole v Sprole, 156 AD3d 1265 [2017]; Sprole v Sprole, 155 AD3d 1345 [2017], lv dismissed 30 NY3d 1032 [2017]; Sprole v Sprole, 152 AD3d 1094 [2017]; Sprole v Sprole, 151 AD3d 1405 [2017]; Sprole v Sprole, 151 AD3d 1413 [2017]; Sprole v Sprole, 148 AD3d 1337 [2017]; Sprole v Sprole, 145 AD3d 1367 [2016]).